FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
2015 JUL 20 PM 2:51
WILLIAM W. BLEVINS
CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**DONNA M. SMITH** — **CIVIL ACTION:**

**VERSUS** — **SECTION:** 15-2784

**THOMAS USSIN BROWN, individually** — **MAGISTRATE:**
**THE LAW OFFICE OF CHANEL R. DEBOSE, officially**
**CHANEL R. DEBOSE, in her individual capacity**
**THE LAW OFFICE OF SHARRY I. SANDLER, officially**
**SHARRY I. SANDLER, in her individual capacity**
**THE LAW OFFICE OF GORDON PATTON, officially**
**GORDON PATTON, in his individual capacity**
**JABEZ PROPERTY MANAGEMENT, LLC, officially**
**ALLEN DUHON, individually**
**ADELLE DUHON, individually**
**JUDGE MONIQUE E. BARIAL, officially and individually**

**SECT. G MAG. 1**

**FILED:________________, 2015**

**______________________**
**CLERK OF COURT**

PETITION FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

I.

JURISDICTIONAL STATEMENT

The jurisdictional authority of this court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367. Pursuant to 28 U.S.C. § 2201, Fed. R. Civ. P. Rule 65 and Louisiana code of civil procedure article 3601 et seq., Declaratory Judgment and Injunctive Relief is appropriate.

NATURE OF THE CASE

This civil action is brought agent defendant parties for violation of U.S. Constitution 14th Amendment, 42 U.S.C. §§ 1983 and 1985(2), Breach of Contract, Perjury, Fraud and Fraud on the Court, Embezzlement, Negligence, pursuant to Louisiana civil code articles 1906, 2004, 2298, 2315, 3499 and Professional code of conduct and ethics. Plaintiff

Fee $400.00
___Process
x Dktd
___CtRmDep
___Doc. No.

invokes her U.S. Constitution 7th Amendment right for request of trial by jury.

II.

PARTIES

1. Donna M. Smith is a person of full age of majority and domicile in the Parish of Orleans.

2. Thomas Ussin Brown is a person of full age of majority and domicile in the Parish of Orleans.

3. The Law Office of Chanel R. Debose is a legal corporation authorized and doing business in the state of Louisiana.

4. Chanel R. Debose is a person of full age of majority and proprietor and staff attorney for the Law Office of Chanel R. Debose.

5. The Law Office of Sharry I. Sandler is a legal corporation authorized and doing business in the state of Louisiana.

6. Sharry I. Sandler is a person of full age of majority proprietor and staff attorney for the Law Office of Sharry I. Sandler.

7. The Law Office of Gordon Patton is a legal corporation authorized and doing business in the state of Louisiana.

8. Gordon Patton is a person of full age of majority proprietor and staff attorney for the Law Office of Gordon Patton.

9. Jabez Property Management is a domestic corporation and doing business in the state of Louisiana.

10. Allen Duhon is a person of full age of majority and domicile in Slidell, Louisiana.

10. Adelle Duhon is a person of full age of majority and domicile in Slidell, Louisiana.

11. Monique E. Barial is a person of full age of majority and judicial official for the state of Louisiana.

III.

STATEMENT OF THE CASE

1. As it relates to defendant, Monique E. Barial, plaintiff seeks injunctive relief from judgments rendered on April 29, 2015 and June 2, 2015 for failure to provide her a hearing on her issues in state court regarding vices of substance in violation of procedural and substantive due process in connection with CDC, 2008-850.

2. Defendant, Judge Barial, set plaintiff's motion to annul judgment on the ground of fraud against defendants Thomas U. Brown, Chanel R. Debose and Sharry I. Sandler on April 23, 2015 for failure of Ms. Smith to appear, on the date in which she was scheduled for surgery.

3. A contradictory hearing was set on April 29, 2015, to annul judgment for fraud, but as a matter of convenience Judge Barial hear the exception of no cause / no right of action filed by Chanel R. Debose on behalf of Thomas U. Brown, granted the exceptions and denied plaintiff, who was the mover, attorney from presenting her motion to annul an agreement stipulated to first between defendants Gordon Patton, counsel pro hac vice for attorney Sharry I. Sandler with opposing counsel Chanel R. Debose by printing plaintiff name on the stipulated agreement then typing her name on the stipulated agreement.

4. Defendants attorney Sharry I. Sandler counsel for plaintiff in state court proceeding, forged or had someone forged Donna M. Smith formerly Brown name on a stipulated agreement while attorney Chanel R. Debose committed the same act on behalf of Thomas U. Brown.

5. On November 2, 2014, attorney Sandler solicited the appearance of plaintiff to court with the expectation of trial, and misrepresented to her that presiding Judge Regina Bartholomew demanded her signature on a third stipulated agreement which was the same agreement she refused to sign twice because of fraud relative to a detail descriptive list prepared by attorney Chanel R. Debose on behalf of Thomas U. Brown, and proffered to the state court as a judicial determination rejected by Donna M. Smith.

6. The stipulated agreement composed by plaintiff former attorney Sharry I. Sandler and attorney Chanel R. Debose in favor of Thomas U. Brown denied and deprived plaintiff or her civil liberty to petition the court and adjudicate her issues in violation of her First Amendment rights.

7. The detail descriptive list alleges an entitlement of $39,000.00 owe to Thomas Brown as prepared by attorney Chanel R. Debose and stipulated by attorney Sharry I. Sandler on behalf of Donna M. Smith to pay Mr. Brown $71,000.00, whose monthly income is $750.00.

8.. Predicated on the aforementioned, plaintiff contends that she is entitled to injunctive relief from state court judgment as she has been denied her right to access to court to litigate and adjudicate her claims and issues.

9. This lawsuit ensues, with exception to injunctive relief from state court judgment, seeking to hold remaining defendants liable under constitutional, federal and state statutory law asserted in the jurisdictional section of this complaint.

10. On January 23, 2006, plaintiff incorporated D SMITH GEN CONTRACTORS, and hired Thomas U. Brown to act as her marketing and contracting agent.

11. A contract was negotiated with defendant Jabez Property Management, LLC and

Allen and Adelle Duhon to provide construction services on their properties in 2006.

12. Defendants Allen and Adelle Duhon are proprietors of Jabez Property Management, LLC, who concocted a scheme with Thomas U. Brown and paid revenues for construction services belonging to D Smith Gen Contractors to him personally.

13. Defendants Duhon and Jabez Property Management, LLC paid Thomas U. Brown $96,000.00 dollars which should have been paid to D Smith Gen Contractors.

14. Plaintiff married Thomas U. Brown on April 17, 2006, and was granted a divorced vinculo matrimonii on December 9, 2009 forever dissolving their bond of marriage.

15. During the course of marriage, plaintiff was severely assaulted and battered in which she sustained bodily, mental and emotional injuries that requires medical care and treatment to the present date.

16. Defendant, Thomas Ussin Brown is a sadistic drug dealing criminal, who has been incarcerated for intentional infliction of bodily injuries while pregnant and during period with congestive heart failure causing medical treatment for replace of her original heart with a pace maker to sustain life.

17. Plaintiff is undergoing physical therapy for bodily injuries sustained as a result of physical battery inflicted by Thomas Ussin Brown requiring medical care and treatment.

18. Plaintiff is suffering mental and emotional injuries requiring medical care and treatment as a result of assault and battery at the hands of Thomas Ussin Brown.

19. Plaintiff contends that, defendant Thomas Ussin Brown forged her checks, made withdrawals from her bank account, transferred funds belonging to her to his separate bank account.

20. Plaintiff contends that, defendant Thomas Ussin Brown economically oppressed her and unjustly enriched himself by embezzling her funds and beating her to near death.

21. Plaintiff contends that, defendant Thomas Ussin Brown obtained a Notary Public to fabricate an affidavit of his ownership of D Smith Gen Contractor to receive revenues belonging to her business, and hired a professional tax preparer to falsified her and his tax returns filed with Internal Revenue Service Center.

22. Plaintiff contends that a paradigm of his illicit practices is observable through his retaining and with the assistance of his attorney Chanel R. Debose.

23. Plaintiff contends that, Thomas Ussin Brown retained Chanel R. Debose to institute a petition for partition of alleged community and separate property.

24. Plaintiff contends that, she retained attorney Sharry I. Sandler as her legal representative to protect her rights and interest.

25. Plaintiff contends that, attorney Chanel R. Debose and Thomas Ussin Brown fabricated their affidavit, detail descriptive list, manipulated evidence and committed perjury in pleading filed against her to deprive and deny her of her property.

26. Plaintiff contends that, attorney Chanel R. Debose and Thomas Ussin Brown abused the process to achieve their illicit acts.

27. Plaintiff contends that, attorney Chanel R. Debose and Thomas Ussin Brown concocted a scheme and utilized Judge Monique E. Barial power of authority to achieve there illicit activities of depriving and denying her rights and interest by making false misrepresentations and filing false documents.

28. Plaintiff contends that, Judge Barial had a meeting of mind with attorney Chanel R. Debose, and adopted her disposition in contravention of her legal rights and interest by

allowing her to act as the mover of a contradictory hearing, making false misrepresentations, allowing attorney Chanel R. Debose to withhold information subpoenaed by duce tecum and excluding pleadings evidence proffered by Donna M. Smith that contradicted their alleged facts.

29. Plaintiff contends that, she was aggrieved by bias and prejudice in the process in state court proceedings.

30. Plaintiff contends that, she was deprived and denied of a fair and impartial trial in state court because of collusion between the attorneys, Judge Barial subject opinion in departure from judicial procedures and controlling principles.

31. Plaintiff contends that, Judge Barial denied her attorney Deidre K. Peterson the opportunity to present her claims and issues in accordance with judicial procedure and controlling principle in violation of her constitutional rights.

32. Plaintiff contends that, attorney Sharry I. Sandler's acted in collusion with attorney Chanel R. Debose by stipulating to an agreement with knowledge of its falsity.

33. Plaintiff contends that, attorney Sharry I. Sandler and Chanel R. Debose intentionally designed and implemented a fraudulent scheme to deprive her of her legal rights and interest.

34. Plaintiff contends that, attorney Sharry I. Sandler had a duty / obligation to protect her right and interest in personal and real property, but failed to do so.

35. Plaintiff contends that, attorney Sharry I. Sandler failed to conduct discovery on her behalf of the alleged pleading filed by attorney Chanel R. Debose on behalf of Thomas Ussin Brown.

36. Plaintiff contends that, attorney Sharry I. Sandler had evidence to contradict

attorney Chanel R. Debose allegations, but failed / refused to present the evidence, and instead concurred and stipulated to terms and conditions of a detail descriptive list prepared and amended by attorney Chanel R. Debose masquerading as legitimate and filed in the record of the court.

37. Plaintiff contends that, defendants Gordon Patton, Sharry I. Sandler, Chanel R. Debose and Thomas Ussin Brown acted with knowledge of the falsity of their actions / omissions.

38. Plaintiff contends that, defendants Gordon Patton, Sharry I. Sandler, Chanel R. Debose and Thomas Ussin Brown at all times were acting under color of law to deprive and deny her of her property right and interest.

39. Plaintiff contends that, quantum and liability will be tried simultaneously.

40. Plaintiff contends that, she is suffering and will continue to suffer as a result of the acts / omissions of defendant parties without court intervention.

IV.

PRAYER FOR RELIEF

1. Plaintiff prays for the exercise of her 7th Amendment right for all triable issues by a jury.

2. Plaintiff prays for injunctive relief from state court judgment.

3. Plaintiff prays defendant parties are found respectively in violation of the claims asserted in the jurisdictional statement of this complaint.

4. Plaintiff prays defendant parties are held liable for damages caused by their acts / omissions.

5. Plaintiff prays she is awarded punitive damages against defendant parties as a

result of damages for injuries in her person and to her properties.

6. Plaintiff prays that, she is permitted to proceed informa pauperis in these proceedings.

**WHEREFORE,** plaintiff prays that this Honorable Court issue summons and complaint on defendant parties, and they are made to appear and answer same. Plaintiff further prays that after all legal delays and due proceedings had there be judgment rendered in her favor and against all defendant parties jointly and severally with all general and equitable relief proper in premise, including but not limited to court cost, attorney fees, out of pocket expenses, penalty and interest from the judicial date of demand until paid in full.

Respectfully Submitted

By: Donna M Smith

Donna M. Smith / In Proper Person
7500 Forum Blvd.
New Orleans, LA.70128
( 504) 428-6336

**PLEASE SERVE:**
Summons and Complaints on all defendants