## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DONNA M. SMITH**                                     **CIVIL ACTION**

**VERSUS**                                             **CASE NO. 15-2784**

**THOMAS U. BROWN, et al.**                            **SECTION: "G"(1)**

## ORDER

In this litigation, pro se Plaintiff Donna M. Smith ("Smith") seeks damages, as well as injunctive relief, from an array of defendants, including Chanel R. Debose and the Law Office of Chanel R. Debose ("Debose Defendants"), and Judge Monique E. Barial ("Judge Barial"), under a number of legal theories connected to her state court divorce proceedings from her husband, Thomas Ussin Brown ("Brown").[1] Presently pending before the Court are two motions: (1) Judge Barial's "Motion to Dismiss;"[2] and (2) Debose Defendants' "FRCP 12(b)(6) Motion to Dismiss."[3] Having reviewed the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant both motions.

## I. Background

In Smith's complaint, she alleges that in December 2009, she was granted a divorce from Brown.[4] Afterward, Brown filed a petition for the partition of community property in civil district court in the Parish of Orleans on April 12, 2012.[5] On November 6, 2014, Smith and Brown entered

_____

[1] Rec. Doc. 1.

[2] Rec. Doc. 6.

[3] Rec. Doc. 7.

[4] Rec. Doc. 1 at pp. 5–6.

[5] Rec. Doc. 7-2 at p. 1.

into a handwritten and signed stipulation regarding the partition of their community property.[6]  The

judgment was later typed and accepted by the state court on December 10, 2014, although Brown

and her counsel did not sign the judgment after it was typed.[7]

Smith alleges that, in the underlying state court proceedings, Brown conspired with his

attorney, Debose, to fabricate evidence and commit perjury in order to deprive Smith of property.[8]

According to Smith, Debose conspired with Smith's attorney, Sharry I. Sandler ("Sandler"), to forge

Smith's and Brown's signatures on the stipulated agreement.[9] Smith alleges that although she had

previously refused to sign the agreement, on November 2, 2014, Sandler misrepresented to her that

she was required to sign the agreement by the then-presiding judge.[10]

On December 30, 2014, proceeding pro se, Smith filed a motion to annul the stipulated

agreement in civil district court, alleging, among other things, attorney negligence, duress, coercion,

and collusion on the part of Brown and his attorneys.[11] Then, on February 26, 2015, Smith filed a

"Petition for Annulment of Stipulated Agreement" in both the original proceedings between herself

and Brown, as well as under a new case number, which were later consolidated.[12] On March 4, 2015,

Brown filed an opposition to the motion, and the matter was continued without date at the request

of both parties.[13] At the same time, Brown filed an exception of res judicata and dilatory exception

---

[6] Rec. Doc. 7-5 at p. 4.

[7] *Id.*

[8] Rec. Doc. 1 at p. 6.

[9] *Id.* at p. 3.

[10] *Id.* at p. 4.

[11] Rec. Doc. 7-2 at p. 2.

[12] *Id.*

[13] Rec. Doc. 7-5 at p. 4.

of unauthorized use of a summary proceeding.[14] On March 16, 2015, he also filed a "peremptory exception of no cause of action, and dilatory exception of nonconformity of the petition with the requirements of Article 891."[15] The pending matters were all set for hearing on April 29, 2015.[16]

At the April 29, 2015 hearing, Smith contends that, although she was the moving party, Judge Barial did not allow Smith's new attorney, Deidre K. Peterson, to present her motion to annul the agreement.[17] On June 2, 2015, Judge Barial signed a judgment granting Brown's peremptory exceptions and holding that Smith's petitions for annulment were rendered moot.[18] Judge Barial's written judgment states that Smith's attorney appeared at the hearing and argued that, because her client was unable to comply with the terms of the agreement, there must have been some form of fraud or misunderstanding at the time of the agreement, an argument rejected by Judge Barial.[19]

Smith, proceeding pro se, then sought supervisory review of Judge Barial's decision, but did not attach the judgment at issue.[20] The Louisiana Fourth Circuit Court of Appeal therefore denied her application on May 7, 2015, noting that "dismissal of a case based upon a peremptory exception of no cause of action may be a final judgment and failure to appeal creates a legal bar to any further action."[21] According to Debose Defendants, Smith then filed a motion for reconsideration of her

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 1 at p. 6.

[18] Rec. Doc. 7-5 at p. 5.

[19] *Id.* at p. 6.

[20] Rec. Doc. 7-6 at p. 1.

[21] *Id.*

application for supervisory review on June 16, 2015, but it was denied on July 9, 2015.[22] Smith did not appeal to the Louisiana Supreme Court.[23]

Smith filed the instant complaint in federal court on July 20, 2015, claiming that Debose and Brown concocted a scheme to utilize Judge Barial's authority to deprive Smith of her rights and property.[24] Smith alleges that Judge Barial "had a meeting of mind with attorney Chanel R. Debose and adopted her disposition in contravention of her legal rights and interest by allowing her to act as the mover of a contradictory hearing, making false misrepresentations, allowing attorney Chanel R. Debose to withhold information subpoenaed by duce tecum and excluding pleadings evidence proffered by Donna M. Smith that contradicted their alleged facts."[25] Smith contends that she was deprived of due process in state court because of the collusion between the attorneys and Judge Barial's refusal to hear from Smiths' new attorney.[26] Smith seeks injunctive relief from the state court judgment, as well as damages.[27]

Judge Barial filed a motion to dismiss on August 21, 2015,[28] and Debose Defendants filed a separate motion to dismiss on August 26, 2015.[29] Smith filed an opposition to both motions on

---

[22] Rec. Doc. 7-2 at p. 3.

[23] *Id.*

[24] Rec. Doc. 1 at p. 6.

[25] *Id.* at pp. 6–7.

[26] *Id.* at p. 7.

[27] *Id.* at p. 8.

[28] Rec. Doc. 6.

[29] Rec. Doc. 7.

September 9, 2015.[30]

## II. Parties' Arguments

### A.     *Judge Barial's Arguments in Support of Motion to Dismiss*

In support of her motion to dismiss, Judge Barial argues that Smith's only complaint against her is that the judge heard exceptions before hearing Smith's motions to annul the judgment for fraud, and granted the exceptions, in conspiracy with Smith's ex-husband and his attorney.[31] Judge Barial argues that it is well-settled that a judge is absolutely immune from liability for her judicial acts, even if her exercise of authority is flawed by the commission of grave procedural errors, and that such immunity extends even to actions or inaction that was in error, was done maliciously, or was in excess of her authority.[32] Instead, Judge Barial argues, a judge may be subject to liability only when she has acted in the clear absence of all jurisdiction.[33] According to Judge Barial, Smith's claims against the judge clearly arise out of acts taken in the judge's judicial capacity and are therefore barred by absolute judicial immunity.[34]

Next, Judge Barial argues that Smith's claims are barred by the *Rooker-Feldman* doctrine, which prohibits a party losing in state court from seeking what would essentially be appellate review of the state court judgment in a United States district court, based on the losing party's claims that

---

[30] Rec. Doc. 9.

[31] Rec. Doc. 6-1 at p. 1.

[32] *Id.*

[33] *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349 (1978); *Rhewark v. Shaw*, 628 F.2d 297 (5th Cir. 1980); *Arcenaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982)).

[34] *Id.* at p. 2.

5

the state judgment itself violates the loser's federal rights.[35] Judge Barial contends that, under the *Rooker-Feldman* doctrine, lower federal courts cannot entertain constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with such a state court adjudication.[36] Because Plaintiff in this case has requested this Court to enjoin a state court judgment, Judge Barial argues, the relief sought is clearly a direct attack on the judgment of a state court and therefore barred by the *Rooker-Feldman* doctrine.[37]

Judge Barial also argues that this Court lacks jurisdiction to hear this matter because the Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity.[38] According to Judge Barial, in *Cozzo v. Tangipahoa Parish Council-President Government*, the Fifth Circuit recognized that, by statute, Louisiana has refused any such waiver of its Eleventh Amendment immunity from suits in federal court.[39] Here, Judge Barial claims, the suit against her in her official and individual capacity is actually a suit where the state is the real substantial party in interest, and thus the Eleventh Amendment deprives the Court of jurisdiction over Plaintiff's claims against the State.[40] Thus, Judge Barial argues, any claims for money damages should be dismissed for lack of subject matter jurisdiction.[41]

---

[35] *Id.* (citing *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004); *Musslewhite v. State Bar of Texas*, 32 F.3d 942 (5th Cir. 1994)).

[36] *Id.* at p. 3 (citing *Riley v. La. State Bar Ass'n*, 402 F. App'x 856 (5th Cir. 2010)).

[37] *Id.*

[38] *Id.* at p. 4 (citing *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002)).

[39] *Id.* (citing La. R.S. 12:5106(A)).

[40] *Id.* at pp. 4–5.

[41] *Id.* at p. 5.

### B.     Debose Defendants' Arguments in Support of Motion to Dismiss

In their motion to dismiss, Debose Defendants first argue that Smith's complaint fails to state a claim against Debose Defendants under Louisiana law because they did not represent Smith at any point in the underlying litigation.[42] Citing the Louisiana Supreme Court decision in *Penalber v. Blount*, Debose Defendants argue that the court has unequivocally established that the only cause or right of action that a party can have against her opponent's attorney must be based on an intentional tort of that attorney.[43] Here, Debose Defendants argue, Smith does not and cannot allege that they had the intent to cause harm to her outside of the appropriate representation of their client, and their zealous representation of him does not establish an intentional tort.[44]

Next, Debose Defendants argue that Smith cannot state a claim against them under federal law, as a claim for malicious prosecution under 42 U.S.C. § 1983 would require proving that, although Debose Defendants were retained by a private individual, they were nevertheless a state actor.[45] According to Debose Defendants, to make such a claim actionable, the private actors would have needed to enter into an agreement with public actors to commit an illegal act, and a plaintiff's constitutional rights must have been violated, which would require allegations of specific facts to show an agreement.[46] Debose Defendants claim, however, that federal law clearly states that a lawyer does not conspire with the state or state actors by simply using the legal system to bring a

---

[42] Rec. Doc. 7-2 at p. 4.

[43] *Id.* at pp. 4–5 (citing 550 So. 2d 577 (La. 1989)).

[44] *Id.* at p. 6.

[45] *Id.* (citing *Allen v. Lowe*, 2015 WL 1021695 (E.D. La. 2015)).

[46] *Id.* at p. 7 (citing *Tebo v. Tebo*, 550 F.3d 492 (5th Cir. 2008); *Priester v. Lowndes Cty.*, 354 F.3d 414, 421 (5th Cir. 2004)).

7

claim against an opposing party.[47] Thus, Debose Defendants argue, they did not transform into state actors simply by relying on Louisiana's legal system to pursue their client's interests, and likewise did not conspire with state actors by doing so.[48]

Next, Debose Defendants aver that Smith's claims are barred by the *Rooker-Feldman* doctrine because Smith's claim for injunctive relief is an improper collateral attack on a final state court judgment.[49] Debose Defendants argue that all of the elements of a *Rooker-Feldman* claim are met.[50] First, they argue, Smiths' complaint is based on the state court judgment granting her former husband's exceptions and mooting her petition to annul the stipulated agreement.[51] Thus, Debose Defendants contend, Smith was the "loser" in the state court proceeding both when she was barred from annulling the written stipulation and later when her application for supervisory review of the state court judgment was denied.[52]

Debose Defendants claim that the second element of the doctrine is satisfied because Smith complains of injuries caused by the state court judgment, specifically that she was "aggrieved by

---

[47] *Id.* (citing *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (holding that merely resorting to the courts and being on the winning side of a lawsuit dose not make a party a coconspirator or a joint actor with government officials); *Richard v. Hoechst Celanese Chem. Grp., Inc.* (355 F.3d 354, 353 (5th Cir. 2003) (holding that even if a judge reaches a decision based on misinformation that the counsel provides, the issuance of the decision does not imply that counsel acted under the color of state law)).

[48] *Id.* (citing *Glotfelty v. Karas*, 512 F. App'x 409 (5th Cir. 2013)).

[49] *Id.* at p. 8.

[50] *Id.* According to Debose Defendants, the doctrine applies only where: (1) the plaintiff is the loser of a proceeding in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was rendered before the federal proceedings commenced; and (4) the plaintiff seeks review and rejection of the state court judgment. *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[51] *Id.*

[52] *Id.*

bias and prejudice in the process in state court proceedings."[53] Debose Defendants aver that the third element of *Rooker-Feldman* is also satisfied because a final judgment was rendered in state court before the federal pleadings commenced.[54] Finally, Debose Defendants contend, the fourth element of the *Rooker-Feldman* doctirne is satisfied because Smith is seeking review and rejection of the state court's judgment, specifically injunctive relief from the judgment.[55] According to Debose Defendants, such a collateral attack is explicitly barred by the *Rooker-Feldman* doctrine.[56]

Debose Defendants next argue that Smith's claims for general and punitive damages are also barred by the *Rooker-Feldman* doctrine because they are "inextricably intertwined" with the state court judgment.[57] Debose Defendants allege that a lengthy line of Fifth Circuit decisions hold "that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."[58] Furthermore, they allege, that principle is not limited to actions "which candidly seek review of the state court decree; it extends to others in which 'the constitutional claims presented [in federal court] are inextricably intertwined with the state court's grant or denial of relief.'"[59]

Debose Defendants cite *Turner v. Chase*, a Fifth Circuit case in which they claim that a plaintiff sued all parties involved in her state court divorce proceeding, alleging that the parties,

---

[53] *Id.* at p. 9.

[54] *Id.*

[55] *Id.* at pp. 9–10.

[56] *Id.* at p. 10.

[57] *Id.* (citing *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

[58] *Id.* (citing *Hale*, 786 F.2d at 691).

[59] *Id.* (citing *Hale*, 786 F.2d at 691 (quoting *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983))).

including the judge, her ex-husband, and her ex-husband's attorney, "conspired together to deprive

her of her constitutional rights."[60] Debose Defendants aver that, in that case, the plaintiff had asked

the Eastern District of Louisiana to vacate a state court judgment of divorce and urged the court to

find all of the defendants liable for all equitable relief, including punitive damages, for their alleged

collusion to violate her constitutional rights.[61] According to Debose Defendants, the Fifth Circuit

upheld the district court's decision to dismiss the plaintiff's complaint based on *Rooker-Feldman*.[62]

Debose Defendants urge the Court to follow the lead of *Turner* and dismiss the claims here that, as

in *Turner*, seek relief from a state court judgment while also asserting claims for damages against

the parties to the litigation.[63]

Debose Defendants' final argument is that dismissal is appropriate because Smith's claim

is barred by res judicata.[64] According to Debose Defendants, Louisiana law provides that a second

action is precluded when all of the following are satisfied: "(1) the judgment is valid; (2) the

judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the

second suit existed at the time of final judgment in the first litigation; (5) the cause or causes of

action asserted in the second suit arose out of the transaction or occurrence that was the subject

matter of the first litigation."[65] Here, they argue, the trial court's June 2, 2015 judgment was valid

because it was rendered by a court with jurisdiction over both the subject matter and parties after

---

[60] *Id.* (citing 334 F. App'x 657, 658 (5th Cir. 2009)).

[61] *Id.* at pp. 10–11 (citing *Turner*, 334 F. App'x at 659).

[62] *Id.* at p. 11.

[63] *Id.*

[64] *Id.*

[65] *Id.* at p. 12 (quoting *Burguieres v. Pollingue*, 2002-1385, p. 8 (La. 2/25/03), 843 So. 2d 1049, 1053).

10

proper notice was given.[66] Furthermore, Debose Defendants claim, the judgment was final.[67]

Next, Debose Defendants argue that the third element of claim preclusion is met because the parties in this action are the same as those in the state court action, despite the fact that Debose Defendants were not actual parties in the state court proceeding.[68] Here, Debose Defendants claim, they share an undisputed identity of interest with Brown, a party to the state court proceeding whom they represented.[69] As Brown's counsel, Debose Defendants claim, their only interest in the underlying proceeding was to represent Brown's interests, and are therefore "privies," satisfying the third element of claim preclusion.[70]

Debose Defendants contend that the fourth and fifth elements of claim preclusion are also met here because each of Smith's claims in this case ultimately rest on the proposition that the state court's judgment denying her petition for annulment of the stipulated agreement and granting Brown's exceptions of no cause/right of action was invalid.[71] According to Debose Defendants, these claims existed at the time that the July 2, 2015 judgment became final, and arise out of the same transaction and occurrence as the state court proceedings, and are thus barred by the doctrine of res judicata.[72]

---

[66] *Id.*

[67] *Id.* (citing *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So. 2d 1234 (La. 1993)).

[68] *Id.* at p. 13 (citing *Beavers v. CitiMortgage, Inc.*, 2015 WL 2383810 (E.D. La. May 19, 2015); *Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 2001-0612, p. 6 (La. App. 4 Cir. 1/2/02)).

[69] *Id.* at pp. 13–14 (citing *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266, 1272 (5th Cir. 1990)).

[70] *Id.* at p. 14 (citing *Beavers*, 2015 WL 2383810, at *10).

[71] *Id.* at p. 14.

[72] *Id.*

**C.** **_Smith's Arguments in Opposition to Judge Barial's and Debose Defendants' Motions to Dismiss_**

In opposition to both Judge Barial's and Debose Defendants' motions to dismiss, Smith argues that the Court "should be neutral to the interpretations and representations made by counsel for defendants regarding factual allegations asserted in plaintiff's complaint that, in fact, states a claim for which relief can be granted."[73] Smith recounts the alleged underlying facts, claiming that on March 12, 2014, Smith's attorney, Sharry I. Sandler ("Sandler"), appointed Gordon Patton ("Patton") to execute a joint stipulated agreement with Debose on behalf of Smith and Brown.[74] According to Smith, the parties' names were electronically endorsed on the document by Patton and Debose without Smith's knowledge or consent.[75] Smith claims that the court "issued an order for submission of judgment and rule of contempt to Gordon Patton and Chanel R. Debose to show cause why they should not be held in contempt,"[76] but that on September 10, 2014, Sandler and Debose once again signed Smith and Brown's names to a falsely executed joint stipulation agreement.[77] According to Smith, the court then issued another order for submission of judgment and rule for contempt against the attorneys.[78] On November 6, 2014, Smith claims, Sandler coerced her to sign the same joint stipulation agreement that she had previously rejected by misrepresenting to her that

---

[73] Rec. Doc. 9 at p. 1.

[74] _Id._ at p. 2.

[75] _Id._

[76] _Id._

[77] _Id._

[78] _Id._

the judge would hold her in contempt for failing to sign it.[79] Smith claims that she refused to sign the agreement, however, and terminated her relationship with Sandler on December 11, 2014, at all times refusing to sign the joint stipulation and consent judgment.[80]

Smith alleges that on April 15, 2015, her new attorney, Deidre K. Peterson, filed a subpoena duces tecum on Debose to produce documents at a hearing on the motion to annul the stipulated agreement.[81] According to Smith, Debose failed to produce the documents, and on April 23, 2015, engaged in an ex parte hearing with Judge Barial, who granted judgment in favor of Brown on the grounds that Smith had failed to appear.[82] Smith claims, however, that she was hospitalized and underwent surgery on April 24, 2015.[83] Smith avers that on April 29, 2015, a hearing on her motion to annul the stipulated agreement was held, but Judge Barial failed to hear the pleadings filed on Smith's behalf, and as a convenience, allowed Debose to argue her exceptions, thus depriving Smith's attorney of the opportunity to argue hers.[84] Therefore, Smith argues, her claims and issues were never litigated or adjudicated in state court proceedings.[85]

Smith alleges that Judge Barial's decision to deny Smith's attorney the opportunity to present her motion, and the decision to instead allow Debose to first bring an exception of no right or cause

---

[79] *Id.*

[80] *Id.*

[81] *Id.*

[82] *Id.*

[83] *Id.*

[84] *Id.* at p. 4.

[85] *Id.*

of action, deprived Smith of due process.[86] Smith contends that although Judge Barial has raised the Eleventh Amendment and the *Rooker-Feldman* doctrine, she "disagrees with counsel's interpretations and misrepresentations pursuant to 28 U.S.C. § 1738 providing for exception when a party has not had a full and fair opportunity to present his case in state court proceedings."[87] According to Smith, the primary exception to the general rule that state court judgements have preclusive effect in federal court is when the judgment is rendered in proceedings that fail to comply with minimum standards of due process.[88] Finally, Smith alleges that the judgment of the state court was obtained by fraud and negligence.[89] She also contends that her complaint meets the statutory requirements for bringing a § 1983 and § 1985(2) claim against all defendant parties.[90]

### III. Law and Analysis

**A.**   ***Legal Standard on a Motion to Dismiss for Lack of Subject Matter Jurisdiction***

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute,"[91] and it is a "first principle of federal jurisdiction" that a federal court must dismiss an action "whenever it appears that subject matter jurisdiction is lacking."[92] Lack of subject-matter jurisdiction is a threshold issue,[93] and the Fifth Circuit directs that when a motion

---

[86] *Id.* at pp. 5–6.

[87] *Id.* at p. 6.

[88] *Id.* (citing *Clements v. Airport Authority of Washoe Cty.*, 69 F.3d 321 (9th Cir. 1995)).

[89] *Id.* at p. 8.

[90] *Id.*

[91] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[92] *Stockman v. Fed. Election Com'n*, 5th Cir. 138 F.3d 144, 151 (5th Cir. 1998).

[93] *See* 5B Charles A. Wright, Arthur R. Miller, *et al.*, *Federal Practice & Procedure* § 1350 (3d ed. 2014).

to dismiss for lack of subject matter jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[94] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[95] When opposing a 12(b)(1) motion, as at all other times, the party asserting federal jurisdiction bears the burden of proof.[96]

## B.   *Analysis*

### 1.   Judge Barial's Motion to Dismiss

Both Judge Barial and Debose Defendants argue that *Rooker-Feldman* bars the complaint at issue. Because the *Rooker-Feldman* doctrine is a jurisdictional issue, the Court must address it first.[97] The *Rooker-Feldman* doctrine denies federal courts subject matter jurisdiction to review or modify the final decisions of state courts unless there is a federal statute that specifically permits such a review.[98] In *Rooker v. Fidelity Trust Co.*, the plaintiff filed suit in federal district court, claiming that the state court, in a case in which the plaintiff was a party, had given effect to a state statute alleged to be in conflict with the contract clause of the Constitution and the due process and equal protection clauses of the Fourteenth Amendment.[99] The Supreme Court held that "[i]f the constitutional questions stated in the bill actually arose in the cause, it was the province and duty

---

[94] *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001).

[95] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286–87 (5th Cir. 2012).

[96] *Ramming*, 281 F.3d at 161.

[97] *Truong v. Bank of Am., N.A.*, 7171 F.3d 377, 381–82 (5th Cir. 2013).

[98] *Union Planters Bank Nat'l Ass'n*, 369 F.3d 457, 462 (5th Cir. 2004).

[99] *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–15 (1923).

of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction."[100] The Supreme Court held that the district court lacked jurisdiction because "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment for errors of that character."[101]

In *District of Columbia Court of Appeals v. Feldman*, two plaintiffs brought suit in federal court challenging the District of Columbia Court of Appeals' refusal to waive a court rule requiring District of Columbia bar applicants to have graduated from an accredited law school.[102] The Supreme Court held that the proceedings before the District of Columbia Court of Appeals were judicial in nature and the district court lacked subject matter jurisdiction over their claims.[103] The Supreme Court found that district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."[104]

Although the Supreme Court has previously cautioned that the *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name," it is fully applicable in such cases.[105] The doctrine prevents federal courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district

---

[100] *Id.* at 415.

[101] *Id.* at 416.

[102] 460 U.S. 462, 464–65 (1983).

[103] *Id.* at 482.

[104] *Id.* at 486.

[105] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

court proceedings commenced and inviting district court review and rejection of those judgments."[106]

In *Truong v. Bank of America, N.A.*, the Fifth Circuit explained that the two hallmarks of the *Rooker-Feldman* inquiry are: (1) "what the federal court is being asked to review and reject;" and (2) "the source of the federal plaintiff's alleged injury."[107] In this case, it appears that Smith is alleging claims pursuant to 42 U.S.C. §§ 1983 and 1985(2), as well as state causes of action alleging breach of contract, perjury, fraud and fraud on the court, embezzlement, and negligence. Smith does not specifically allege which causes of action she seeks to maintain against which of the 11 defendants named in her complaint, but specifically with regard to Judge Barial, it appears Smith seeks injunctive relief from her judgments and alleges that Judge Barial had a "meeting of mind" with Debose to deprive Smith of a fair and impartial trial.[108]

Plaintiff's only response to Judge Barial's arguments concerning the *Rooker-Feldman* doctrine and Eleventh Amendment immunity is that they are "inapplicable to the claims and issues presented in this lawsuit."[109] However, with regard to Judge Barial, it is clear that Smith is asking this Court to review and reject her decision to deny her petition to annul the stipulated agreement, as well as potentially asking the Court to invalidate the Louisiana Fourth Circuit Court of Appeal's decision to deny supervisory review to Smith. As such, it is well-established that this Court lacks jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."[110]

---

[106] *Id.*

[107] 717 F.3d 377, 382 (5th Cir. 2013) (citing *Exxon Mobil Corp.*, 544 U.S. at 284).

[108] Rec. Doc. 1 at pp. 3, 7.

[109] Rec. Doc. 9 at p. 7.

[110] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

The second hallmark of the *Rooker-Feldman* inquiry is the source of the federal plaintiff's alleged injury.[111] The Fifth Circuit has found that

> [i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.[112]

Here, with regard to Judge Barial, it is clear that Plaintiff's asserted legal wrong falls into the first camp, in that she seeks relief from the judge's allegedly erroneous decision. Therefore, the source of the alleged injury is the state court judgment itself. Although the Court construes *pro se* complaints liberally, Plaintiff bears the burden of establishing federal jurisdiction.[113] The Fifth Circuit has found that "[c]onstitutional questions arising in state court proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."[114] Accordingly, the Court finds that because Plaintiff seeks review and relief from the state court judgment, pursuant to the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over Plaintiff's claims against Judge Barial.

Furthermore, "[a]bsolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction."[115] Smith does not allege that Judge Barial clearly

---

[111] *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382–83 (5th Cir. 2013).

[112] *Id.* at 383 (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).

[113] *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001).

[114] *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (citations omitted).

[115] *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)).

lacked "all jurisdiction" in this matter. Therefore, in light of the bars to relief imposed by both the *Rooker-Feldman* doctrine and judicial immunity, Plaintiff cannot maintain her claims against Judge Barial in this Court.

### 2.    Debose Defendants' Motion to Dismiss

Although titled as a 12(b)(6) motion for failure to state a claim, Debose Defendants make numerous arguments in support of dismissing the claims against them, including that the *Rooker-Feldman* doctrine bars the claims against them. As noted above, because the *Rooker-Feldman* doctrine is a jurisdictional issue, the Court must address it first.[116] Debose Defendants argue that the *Rooker-Feldman* doctrine applies to the claims against them as well because Smith's complaint is based on the state court judgment granting her former husband's exceptions and mooting her petition to annul the stipulated agreement.[117] Debose Defendants are correct that, to the extent that Smith seeks injunctive relief from the state court judgment in this matter, the *Rooker-Feldman* doctrine bars this Court from considering her claim, as discussed above.

However, Debose Defendants also claim that Smith's claims for general and punitive damages are barred by the *Rooker-Feldman* doctrine because they are "inextricably intertwined" with the state court judgment.[118] Debose Defendants urge the Court to follow the lead of *Turner v. Chase*, a Fifth Circuit case upholding an order dismissing a case under *Rooker-Feldman* in which a plaintiff sued all parties involved in her state court divorce proceedings, alleging that the parties, including the judge, her ex-husband, and her ex-husband's attorney, "conspired together to deprive

---

[116] *Truong v. Bank of Am., N.A.*, 7171 F.3d 377, 381–82 (5th Cir. 2013).

[117] Rec. Doc. 7-2 at p. 8.

[118] *Id.* at p. 10 (citing *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

19

her of her constitutional rights."[119]

Although Debose Defendants argue that Smith's claims must be dismissed as "inextricably intertwined with the state court" judgment,[120] the Fifth Circuit in *Truong v. Bank of America, N.A.* warned that "'inextricably intertwined' does not enlarge the core holding of *Rooker* or *Feldman*."[121] There the Fifth Circuit explained that the two hallmarks of the *Rooker-Feldman* inquiry are: (1) "what the federal court is being asked to review and reject;" and (2) "the source of the federal plaintiff's alleged injury."[122] As *Truong* recognized, the Supreme Court had cautioned that in light of the "narrow ground" *Rooker–Feldman* occupies, "it does not prohibit a plaintiff from 'present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'"[123] In those circumstances, the Fifth Circuit warned, state law preclusion principles, rather than *Rooker-Feldman*, would apply.[124]

In *Truong*, the Fifth Circuit held that allegations that two banks had misled the state court into thinking that certain evidence was authentic when, in fact, it was not, and that they had misled the plaintiff into foregoing her opportunity to dispute authenticity in the state court proceedings, were independent claims over which the district court had jurisdiction.[125] In doing so, the Fifth Circuit explained that the plaintiff did not seek to overturn the state court judgment, and the damages

---

[119] *Id.* (citing 334 F. App'x 657 (2009)).

[120] *Id.*

[121] 717 F.3d 377, 385 (5th Cir. 2013)

[122] *Id.* at 382 (citing *Exxon Mobil Corp.*, 544 U.S. at 284).

[123] *Id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 293).

[124] *Id.*

[125] *Id.* at 383.

she requested—for alleged violations of the Louisiana Unfair Trade Practices Act (Louisiana Revised Statute § 51:1409(A)) —were for injuries caused by the banks' actions, not injuries arising from the foreclosure judgment.[126]

     *Truong* made a point to note, however, that there is no "general rule that *any* claim that relies on a fraud allegation is an 'independent claim' for *Rooker-Feldman* purposes."[127] The Fifth Circuit cited a number of cases in which it had held that *Rooker-Feldman* barred claims that judgments were fraudulently procured, as the relief requested would necessarily include reversing a state court judgment.[128] *Truong* also approvingly cited *Turner v. Chase*,[129] the case relied upon by Debose Defendants, as well as *Turner v. Cade*[130] and *Sookma v. Millard*,[131] all cases in which the Fifth Circuit held that *Rooker-Feldman* barred claims that state court divorce decrees were procured through fraud because the federal plaintiffs had sought to void the adverse state court judgments.[132] In fact, *Sookma* involved a similar claim that the plaintiff's state-court opponents and state judges conspired to deprive her of civil rights, but the Fifth Circuit found that *Rooker-Feldman* nevertheless barred review because the plaintiff sought, in addition to damages, to enjoin the enforcement of a

---

[126] *Id.*

[127] *Id.* at 384 n.3.

[128] *Id.* (citing *Magor v. GMAC Mortg., L.L.C.*, 456 F. App'x 334, 336 (5th Cir. 2011) (holding that *Rooker–Feldman* bars a claim that a state foreclosure judgment was procured through fraud because "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested"); *United States v. Shepherd*, 23 F.3d 923, 924–25 (5th Cir. 1994) (holding that *Rooker–Feldman* prohibits a district court from voiding state foreclosure judgments, notwithstanding claims that the judgments were fraudulently procured)).

[129] 334 F. App'x 657, 659–60 (5th Cir. 2009).

[130] 354 F. App'x 108, 110–11 (5th Cir. 2009).

[131] 151 F. App'x 299, 300–01 (5th Cir. 2005).

[132] *See Truong*, 717 F.3d at 384 n.3.

state divorce decree.[133] By contrast, in the older Fifth Circuit cases cited in *Truong* for the proposition that a district court may have jurisdiction over "independent claims" that do not seek to merely overturn the state court judgment, the plaintiffs did not bring a direct attack on the judgment of a state court.[134]

The second hallmark of the *Rooker-Feldman* inquiry is the source of the federal plaintiff's alleged injury.[135] Here, Plaintiff's complaint explicitly seeks injunctive relief from state court judgments.[136] The harm she alleges that she has suffered was a denial of her property rights, namely those that she alleges she was deprived of by Judge Barial's denial of her petition to annul the stipulated agreement, as well as a fair and impartial trial in state court.[137] In fact, Smith explicitly argues that Judge Barial's denial of an opportunity for Smith's attorney to present her claims violated Smith's constitutional rights.[138] Furthermore, Debose Defendants are, as in *Sookma*, accused of colluding with Judge Barial to deprive Smith of due process, as well as producing fabricated documents and manipulating evidence in order to influence Judge Barial in the underlying proceedings.[139]

---

[133] *Sookma*, 151 F. App'x at 300–01.

[134] *See, e.g., Drake v. St. Paul Travelers Ins. Co.*, 353 F. App'x 901, 905 (5th Cir. 2009) ("In his present complaint, [Plaintiff] is not inviting the district court to review and reject the judgment of the Texas state courts. Instead, [the plaintiff] is seeking damages for [a defendant's] allegedly fraudulent statements. Thus, *Rooker-Feldman* is inapplicable in this case."); *Illinois Cent. R. Co. v. Guy*, 682 F.3d 381, 391 (5th Cir. 2012) ("The *Rooker-Feldman* doctrine does not apply to this case because adjudicating [the plaintiff's] claims did not require the district court to review any final judgment rendered by a state court.").

[135] *Truong*, 717 F.3d at 382–83.

[136] Rec. Doc. 1 at p. 3.

[137] *Id.* at p. 8.

[138] *Id.* at p. 7.

[139] *Id.* at p. 6.

Under a similar factual scenario in *Turner*, the Fifth Circuit upheld a district court decision to dismiss the suit under the *Rooker-Feldman* doctrine, a decision that remained intact after *Truong*.[140] *Turner* involved allegations similar to the ones alleged in the instant matter. There, the plaintiff alleged that the judge who granted her divorce, her former husband, and his former counsel conspired together to deprive her of her constitutional rights; that the judge improperly failed to hold an evidentiary hearing; that a different judge and the plaintiff's former counsel collusively caused a domestic abuse hearing to be transferred to another docket; that all of the defendants colluded and conspired to aid the ex-husband's alleged scheme to defraud her out of certain community property; that the ex-husband's former counsel filed a false complaint for an order of protective custody; and that the clerk of court did not respond to her complaint against court personnel and did not forward the record to the state appellate court.[141] The district court nevertheless found, however, that all of the plaintiff's claims were barred by *Rooker-Feldman*.[142]

Similarly, this Court concludes that although Smith accuses Debose Defendants of defrauding the court, conspiring with Judge Barial and others, and otherwise fraudulently depriving Plaintiff of due process, Smith's request for both general and punitive damages does not negate the fact that the relief she explicitly seeks is to overturn or void a state court judgment, relief that this

---

[140] *See Truong*, 717 F.3d at 384 n.3 (citing *Turner v. Chase*, 334 F. App'x 657, 659–60 (5th Cir. 2009)).

[141] *Turner*, 334 F. App'x at 658–59.

[142] *Id.* In *Stabler v. Ryan*, a similar district court case decided after *Truong*, another section of the Eastern District of Louisiana concluded that a malpractice action brought against an attorney who represented the plaintiff in state court divorce proceedings was precluded from hearing in federal court under the *Rooker-Feldman* doctrine, reasoning that the Fifth Circuit had "expressly distinguished cases in which parties brought direct challenges to state court judgments" from those that solely sought relief from a defendant's allegedly fraudulent acts. 949 F. Supp. 2d 663, 668 (E.D. La. 2013) (Fallon, J.). There, the court determined that it was immaterial that the plaintiff had alleged fraud on the court, because her complaint was clearly an attack on the state court judgment itself, and therefore barred by *Rooker-Feldman*. *Id.*

Court lacks subject-matter jurisdiction to grant. Although the Court construes *pro so* complaints liberally, Smith bears the burden of establishing federal jurisdiction.[143] Smith's opposition made no legal argument regarding why the relief she seeks is not barred by the *Rooker-Feldman* doctrine, and states only that it should not apply to this case. Accordingly, the Court finds that because Smith appears to seek review and relief from the state court judgment, pursuant to the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over her claims against Debose Defendants. The Court therefore need not reach Debose Defendants' other arguments in favor of dismissal.

## IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Judge Barial's "Motion to Dismiss"[144] and Debose Defendants' "FRCP 12(b)(6) Motion to Dismiss"[145] are **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  14th   day of March, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[143] *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001).

[144] Rec. Doc. 6.

[145] Rec. Doc. 7.

24