UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONNA M. SMITH                                    CIVIL ACTION

VERSUS                                            CASE NO. 15-2784

THOMAS U. BROWN, et al.                           SECTION: "G"(1)

ORDER

In this litigation, Plaintiff Donna M. Smith ("Smith"), who is acting *pro se*, seeks damages, as well as injunctive relief, from an array of defendants, including her ex-husband, Thomas Ussin Brown ("Brown"), under a number of legal theories connected to her state court divorce proceedings from Brown.[1] Presently pending before the Court is Brown's "Motion to Dismiss."[2] Pursuant to Local Rule 7.5, an opposition to a motion must be filed eight days before the noticed submission date. Smith has not filed an opposition to Brown's motion, which was set for submission on October 28, 2015. Therefore, Brown's motion is deemed to be unopposed. District courts may grant an unopposed motion as long as the motion has merit.[3] Having reviewed the motion, the memorandum in support, the record, and the applicable law, the Court will grant the motion.

I. Background

In Smith's complaint, she alleges that in December 2009, she was granted a divorce from Brown, whom she accuses of physical, economic, and emotional abuse during the course of their

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 14.

[3] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

three-year marriage.[4] Afterward, Brown filed a petition for the partition of community property in Civil District Court for the Parish of Orleans on April 12, 2012.[5] On November 6, 2014, Smith and Brown entered into a written stipulation regarding the partition of their community property, which was accepted and signed by Judge Regina Bartholomew Woods on December 10, 2014.[6]

Smith alleges that, in the underlying state court proceedings, Brown conspired with his attorney, Chanel R. Debose ("Debose"), to fabricate evidence and commit perjury in order to deprive Smith of property.[7] According to Smith, Debose conspired with Smith's attorney, Sharry I. Sandler ("Sandler"), to forge Smith's and Brown's signatures on the stipulated agreement.[8] Smith alleges that although she had previously refused to sign the agreement, on November 2, 2014, Sandler misrepresented to her that she was required to sign the agreement by the then-presiding judge.[9]

On December 30, 2014, proceeding *pro se*, Smith filed a motion to annul the stipulated agreement in civil district court, alleging, among other things, attorney negligence, duress, coercion, and collusion on the part of Brown and his attorneys, to which Debose filed an opposition.[10] Then, on February 26, 2015, Smith filed a "Petition for Annulment of Stipulated Agreement" in both the original proceedings between herself and Brown, as well as under a new

---

[4] Rec. Doc. 1 at 5–6.

[5] Rec. Doc. 7-2 at 1.

[6] *Id.*

[7] Rec. Doc. 1 at 6.

[8] *Id.* at 3.

[9] *Id.* at 4.

[10] Rec. Doc. 7-2 at 2.

case number, which were later consolidated.[11] On March 16, 2015, Debose filed peremptory exceptions of no cause of action and no right of action on behalf of Brown, and those exceptions, as well as Smith's petitions for annulment of the stipulated agreement, came up for hearing on April 29, 2015.[12] On June 2, 2015, Judge Monique E. Barial signed a judgment granting Brown's peremptory exceptions and holding that Smith's petitions for annulment were rendered moot.[13]

Smith, proceeding *pro se*, then sought supervisory review of Judge Barial's decision, but did not attach the judgment at issue.[14] The Louisiana Fourth Circuit Court of Appeal therefore denied her application on May 7, 2015, noting that "dismissal of a case based upon a peremptory exception of no cause of action may be a final judgment and failure to appeal creates a legal bar to any further action."[15] Smith then filed a motion for reconsideration of her application for supervisory review on June 16, 2015, but it was denied on July 9, 2015.[16] Smith did not appeal to the Louisiana Supreme Court.[17]

Smith filed the instant complaint in federal court on July 20, 2015, claiming that Debose and Brown concocted a scheme to utilize Judge Barial's authority to deprive Smith of her rights and property.[18] Smith contends that she was deprived of due process in state court because of the

---

[11] *Id.*

[12] *Id.*

[13] Rec. Doc. 7-5 at 5.

[14] Rec. Doc. 7-6 at 1.

[15] *Id.*

[16] Rec. Doc. 7-2 at 3.

[17] *Id.*

[18] Rec. Doc. 1 at 6.

collusion between the attorneys and Judge Barial's refusal to hear from Smith's new attorney.[19] Smith seeks injunctive relief from the state court judgment and damages.[20] On March 14, 2016, this Court granted motions to dismiss filed by Judge Barial and Brown's attorneys.[21]

Brown filed the instant motion on September 23, 2015.[22] To date, no opposition has been filed.

## II. Parties' Arguments

### A.    Defendant's Arguments

In support of his motion to dismiss, Brown summarizes the complaint as alleging two causes of action under federal law and five causes of action under state law. The two federal law causes of action addressed by Brown are: (1) a civil rights claim pursuant to 42 U.S.C. § 1983 and (2) a civil rights claim pursuant to 42 U.S.C. § 1985(2).[23] The five state law claims addressed by Brown are: (1) breach of contract; (2) perjury; (3) unjust enrichment;[24] (4) fraud; and (5) negligence.[25]

Brown alleges that each cause of action must be dismissed. First, Brown argues that a civil rights claim pursuant to 42 U.S.C. § 1983 cannot be maintained against him because a plaintiff

---

[19] *Id.* at 7.

[20] *Id.* at 8.

[21] Rec. Doc. 30. Plaintiff has since filed a motion urging the Court to reconsider its ruling. Rec. Doc. 36.

[22] Rec. Doc. 14.

[23] Rec. Doc. 14-1 at 2–3.

[24] The section of Brown's memorandum in support of the motion to dismiss that addresses unjust enrichment is entitled "Embezzlement Claim pursuant to Louisiana Civil Code Art. 2298." *See* Rec. Doc. 14-1 at 4–5. Because Louisiana Civil Code article 2298 deals with unjust enrichment and this section of Brown's memorandum clearly discusses unjust enrichment, the Court will assume that the title is the result of a typographical error.

[25] Rec. Doc. 14-1 at 1.

cannot initiate a cause of action under the statute against a private citizen.[26]  Next, Brown contends that Smith cannot allege a claim pursuant to 42 U.S.C. § 1985(2) because the statute is clearly aimed at intimidation or retaliation against witnesses in federal court proceedings, and therefore does not apply to actions taken in state court proceedings.[27]  Furthermore, Brown argues § 1985(2) prohibits conspiracies to deter witnesses from attending court or testifying, to punish witnesses who have so attended or testified, or to injure jurors, as well as conspiracies to deny any citizen equal protection of the laws or to injure a citizen for his efforts to ensure the rights of others to equal protection.[28]  According to Brown, the statute also requires that when a claim is asserted under the equal protection portion of 42 U.S.C. § 1985(2), the class-based animus requirement of § 1985(3) should apply.[29]  Here, Brown claims, Smith has not alleged in her complaint that he in any way engaged in intimidating, forceful, or threatening behavior to deter her from attending court or testifying in any proceeding, nor has she alleged any race or class-based animus in her complaint.[30]

Next, Brown argues that Smith cannot maintain a breach of contract claim against him because she cannot meet all three essential elements of such a claim, namely that: (1) the obligor undertook an obligation to perform; (2) the obligor failed to perform the obligation (the breach);

---

[26] *Id.* at 2 (citing *Bustos v. Martini Club*, 599 F.3d 458, 464 (5th Cir. 2010)).

[27] *Id.* at 2–3 (citing *Haddle v. Garrison*, 525 U.S. 121, 121 (1998)).

[28] *Id.* at 3 (citing *Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 643 (W.D. La. 2013)).

[29] Id.

[30] *Id.*

and (3) the failure to perform resulted in damages to the obligee.[31] Here, Brown claims, Smith does not allege that he undertook any obligation to perform, nor did she enter into a contract with Brown.[32] Therefore, no breach of contract could have occurred, according to Brown.[33] Brown also argues that Smith cannot sustain a perjury claim against him, because there is no cause of action for perjury in civil actions, as the Fifth Circuit has held in *Charles v. Wade* that criminal sanctions are a sufficient deterrent against perjury and a suit for civil damages would greatly increase the risk of witnesses censoring themselves.[34]

According to Brown, Smith cannot maintain an action for unjust enrichment pursuant to Louisiana Civil Code article 2298 unless she can show that: (1) there was an enrichment; (2) there was an impoverishment; (3) there is a connection between the enrichment and the resulting impoverishment; (4) there is an absence of "justification" or "cause" for the enrichment and impoverishment; and (5) there is no other remedy at law.[35] Here, Brown argues, Smith has not alleged or demonstrated that there is no other remedy at law, and thus she cannot maintain a claim for unjust enrichment.[36]

Brown argues that the Court should also dismiss Smith's fraud claims, as no actions alleged in the complaint could constitute fraud.[37] Furthermore, Brown argues, a claim for fraud has a

---

[31] *Id.* at 3–4 (citing *Favrot v. Favrot*, 2010-0986 (La. App. 4 Cir. 2/9/11); 68 So. 3d 1099, 1108–09).

[32] *Id.* at 4.

[33] *Id.*

[34] *Id.* (citing 665 F.2d 661, 667 (5th Cir. 1982)).

[35] *Id.* at 4–5 (citing *Minyard v. Curtis Prods., Inc.*, 251 La. 624, 651–52 (1967)).

[36] *Id.* at 5.

[37] *Id.*

6

pleading requirement of particularity, requiring the plaintiff to state the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."[38]  Brown argues that the complaint filed in this case does not meet the particularity requirement, and thus must be dismissed.[39]  Finally, Brown alleges that Smith's claim for negligence should be dismissed as well, because Smith has not pled any facts that constitute a negligence cause of action and does not detail any negligent actions of the defendant or harm resulting from such negligence.[40]

## B.    *Plaintiff's Arguments*

Plaintiff did not file an opposition to Brown's motion. Therefore, Brown's motion is deemed to be unopposed.

## III. Law and Analysis

## A.    *Legal Standard on a Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[41]  A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[42] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that

---

[38] *Id.* (quoting *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997)).

[39] *Id.*

[40] *Id.* at 6.

[41] Fed. R. Civ. P. 12(b)(6).

[42] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

is plausible on its face.'"[43]  "Factual allegations must be enough to raise a right to relief above the speculative level."[44]  A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[45]

On a motion to dismiss, asserted claims are construed in favor of the claimant, and all facts pleaded are taken as true.[46]  However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[47]  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[48]  Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[49]  The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[50]  That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[51]  From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each

---

[43] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[44] *Twombly*, 550 U.S. at 556.

[45] *Id.* at 570.

[46] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[47] *Iqbal*, 556 U.S. at 677–78.

[48] *Id.* at 679.

[49] *Id.* at 678.

[50] *Id.*

[51] *Id.*

element of the asserted claims.[52] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[53] Because Smith is proceeding *pro se*, the Court will construe her complaint liberally.[54]

**B.   Analysis**

Although Smith's complaint does not clearly articulate each cause of action that she intends to bring against Brown, Brown outlines what he believes to be each of Smith's claims against him and seeks to dismiss them on the grounds that she has not articulated sufficient facts to sustain a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In his motion to dismiss, Brown identifies two federal claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(2) and five state law claims. Because *pro se* complaints are to be liberally construed, the Court will address the claims identified by Brown as well as additional potential state law claims raised in Smith's complaint.

**1.    42 U.S.C. § 1983**

Brown argues that a civil rights claim pursuant to § 1983 cannot be maintained against him because a plaintiff cannot initiate a cause of action under the statute against a private citizen.[55] Section 1983 provides a claim against anyone who "under color of any statute, ordinance, regulation, custom, or usage, of any State" violates another's constitutional rights. A person acts under color of state law if he misuses "power 'possessed by virtue of state law and made possible

---

[52] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[53] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

[54] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[55] Rec. Doc. 14-1 at 2 (citing *Bustos v. Martini Club*, 599 F.3d 458, 464 (5th Cir. 2010)).

only because the wrongdoer is clothed with the authority of state law.'"[56] Smith's complaint does not assert that Brown was a state actor or otherwise acted under color of state law. Accordingly, although it is not clear from Smith's complaint whether she intended to bring a § 1983 claim against Brown, even construing her complaint liberally, any such claim would fail as a matter of law and therefore is hereby dismissed.

**2.      42 U.S.C. § 1985(2)**

Next, Brown contends that Smith cannot allege a claim pursuant to § 1985(2) because the statute is aimed at intimidation or retaliation against witnesses in federal court proceedings, and therefore does not apply to actions taken in state court proceedings.[57] Furthermore, Brown argues, the statute also requires that when a claim is asserted under the equal protection portion of § 1985(2), the class-based animus requirement of 42 U.S.C. § 1985(3) should apply.[58] Here, Brown claims, Smith has not alleged in her complaint that he in any way engaged in intimidating, forceful, or threatening behavior to deter her from attending court or testifying in any proceeding, nor has she alleged any race or class-based animus in her complaint.[59]

Once again, it is not clear whether Smith intended to allege a § 1985(2) claim against Brown. However, construing her complaint liberally, the Court will consider this argument. 42 U.S.C. § 1985(2) states:

> [I]f two or more persons in any State or Territory conspire to deter . . . any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, . . . or to injure such party or witness in his

---

[56] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[57] Rec. Doc. 14-1 at 2–3 (citing *Haddle v. Garrison*, 525 U.S. 121, 121 (1998)).

[58] *Id.* at 3.

[59] *Id.*

person or property on account of his having so attended or testified, . . . or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The first part of § 1985(2) proscribes conspiracies that interfere with the administration of justice in federal court, whereas the second part of the statute prohibits conspiracies to deny any citizen equal protection of the laws or to injure a citizen for his efforts to ensure the rights of others to equal protection.[60] Here, Smith's complaint arises out of proceedings that took place in state court, and therefore she cannot state a claim against Brown under the first prong of § 1985(2). Furthermore, in the Fifth Circuit, an allegation of a race- or protected class-based conspiracy is required to state a claim under the "equal protection" portion of § 1985(2).[61] Here, there are no allegations that such considerations motivated Brown's conduct. Accordingly, Smith has failed to state a claim of conspiracy pursuant to 42 U.S.C. § 1985(2).

### 3. State Law Claims

Brown identifies five state law claims alleged against him in Smith's Complaint: breach of contract, perjury, unjust enrichment, fraud, and negligence. It is unclear whether Smith intended to bring the state law claims Brown identifies. Brown argues that, pursuant to Federal Rule of Civil Procedure 12(b)(6), Smith has not articulated sufficient facts to sustain any of the state law claims he identifies. The Court will address each of these claims in turn.

### a. Breach of Contract

---

[60] *Daigle v. Gulf State Utilities Co., Local Union No. 2286*, 794 F.2d 974, 979 (5th Cir. 1986).

[61] *Bryan v. City of Madison, Mississippi*, 213 F.3d 267, 276 (5th Cir. 2000).

Brown argues that Smith cannot maintain a breach of contract claim against him because she cannot meet all three essential elements of such a claim, namely that: (1) the obligor undertook an obligation to perform; (2) the obligor failed to perform the obligation (the breach); and (3) the failure to perform resulted in damages to the obligee.[62] Although Smith's complaint states that a "contract was negotiated" with Defendants Jabez Property Management, LLC and Allen and Adelle Duhon to provide construction services,[63] it does not allege that Brown undertook an obligation to perform or entered into any contract with Smith. Nor does Smith specifically allege how Brown breached any such obligation to Smith. Accordingly, Smith has failed to state a claim that Brown breached a contract.

### b.    Perjury

Smith alleges that Brown, along with his attorney Chanel R. Debose, "fabricated their affidavit, detail descriptive list [sic], manipulated evidence and committed perjury in pleading filed against [Smith] to deprive and deny her of her property."[64] However, the Fifth Circuit held in *Charles v. Wade* that although witnesses may be threatened with criminal sanctions if they perjure themselves, they are immune from civil suit on the basis of alleged perjury, as the risk of imposing civil liability on witnesses would result in too great a risk of self-censorship of witnesses.[65] Because witnesses are immune from civil suit on the basis of alleged perjury, Smith cannot state a claim against Brown for perjury.

---

[62] Rec. Doc. 13-1 at 3–4 (citing *Favrot v. Favrot*, 2010-0986 (La. App. 4 Cir. 2/9/11); 68 So. 3d 1099, 1108–09).

[63] Rec. 1 at 4–5.

[64] *Id.* at 6.

[65] 665 F.2d 661, 667 (5th Cir. 1982).

### c.    *Unjust Enrichment*

According to Brown, Smith cannot maintain an action for unjust enrichment pursuant to Louisiana Civil Code article 2298 unless she can show that: (1) there was an enrichment; (2) there was an impoverishment; (3) there is a connection between the enrichment and the resulting impoverishment; (4) there is an absence of "justification" or "cause" for the enrichment and impoverishment; and (5) there is no other remedy at law.[66] Here, Brown argues, Smith has not alleged or demonstrated that there is no other remedy at law, and thus, she cannot maintain a claim for unjust enrichment.[67] As this Court held in *JP Mack Indus. LLC v. Mosaic Fertilizer, LLC*, when a court finds that there are other remedies at law available, an unjust enrichment claim is precluded by the plain words of Louisiana substantive law.[68] Because other remedies at law are available to Smith for the allegations stated in the complaint, her unjust enrichment claim against Brown must be dismissed.

### d.    *Fraud*

Brown argues that the Court should also dismiss Smith's fraud claims, as no actions alleged in the complaint could constitute fraud.[69] Furthermore, Brown argues, a claim for fraud has a pleading requirement of particularity under Rule 9(b) of the Federal Rules of Civil Procedure, requiring the plaintiff to state the "time, place and contents of the false representations, as well as

---

[66] Rec. Doc. 14-1 at 4–5 (citing *Minyard v. Curtis Prods., Inc.*, 251 La. 624, 651–52 (1967)).

[67] *Id.* at 5.

[68] 970 F. Supp. 2d 516, 521 (E.D. La. 2013) (Brown, J.). *See also Patterson v. Dean Morris, L.L.P.*, No. 08–5014, 2011 WL 1743617 (E.D. La. May 6, 2011) (Duval, J.)(holding that "[t]he availability of an alternative remedy bars [the plaintiff's] claim for unjust enrichment and entitles [the defendant] to summary judgment on her claim of unjust enrichment" and noting that the fact that the plaintiff failed to prevail on other remedies does not negate the fact that such remedies were available to the plaintiff).

[69] Rec. Doc. 14-1 at 5.

the identity of the person making the misrepresentation and what [that person] obtained thereby."[70] Brown argues that the complaint filed in this case does not meet the particularity requirement and thus, must be dismissed.[71]

Fraud is "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."[72] Smith broadly alleges wrongs committed by Brown over the course of their alleged business and marital relationship, but no facts in the complaint suggest that Brown misrepresented or suppressed the truth from Smith with the intention to gain an unjust advantage or cause loss or inconvenience to Smith. Even if Smith had alleged such facts, the complaint does not meet the particularity requirement, because the complaint does not state the "time, place, and contents" of any misrepresentations.[73] As a result, Smith has failed to state a fraud claim against Brown.

### e.   *Negligence*

Finally, Brown alleges that Smith's claim for negligence should be dismissed as well, as Smith has not pled any facts that constitute a negligence cause of action and does not detail any negligent actions of Brown or harm resulting from such negligence.[74] Louisiana courts conduct a "duty-risk analysis" to determine whether a defendant is liable for negligence.[75] To prevail on a negligence claim, a plaintiff must prove five elements: (1) the defendant had a duty to conform his

---

[70] *Id.* (quoting *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997)).

[71] *Id.*

[72] La. Civ. Code art. 1953.

[73] *Williams*, 112 F.3d at 177.

[74] *Id.* at 6.

[75] *Nagle v. Gusman*, 61 F.Supp.3d 609, 620 (E.D. La. 2014).

conduct to a specific standard of care, (2) the defendant's conduct failed to conform to the appropriate standard of care, (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries, and (5) the defendant's conduct caused actual damages.[76]

It is again unclear whether Smith intended to bring a negligence claim. Smith has not pled facts that support a finding that Brown could be held liable for negligence under the applicable Louisiana law. Even construing the complaint liberally, the facts pled do not suggest that Smith would be able to prove the five elements required under the "duty-risk analysis." For example, Smith does not allege that Brown had a duty to conform his conduct to a particular standard of care or that he failed to conform to the appropriate standard of care. Because the facts pled in the Complaint do not allow the Court to "draw a reasonable inference that the defendant is liable for the misconduct alleged,"[77] the negligence claim is dismissed.

### f.   Remaining State Claims

Construing Smith's complaint broadly, it appears that Smith has brought additional potential state law claims[78] against Brown, including assault,[79] battery,[80] and intentional infliction of emotional distress.[81] Brown does not move to dismiss any other causes of actions

---

[76] Id.

[77] *Twombly*, 550 U.S. at 556.

[78] Rec. Doc. 1 at 5.

[79] *See Bulot v. Intracoastal Tubular Services, Inc.*, 730 So. 2d 1012 (La. Ct. App. 4th Cir. 1999) (defining assault as the "imminent threat of a battery").

[80] *See Landry v. Bellanger*, 851 So. 2d 943 (La. 2003) (defining battery as the intentional causing of harmful or offensive contact with a person).

[81] *See White v. Monsanto Co.*, 585 So. 2d 1205 (La. 1991) (outlining the three elements required to establish a claim for intentional infliction of emotional distress).

pled by Plaintiff. Even if Smith has sufficiently stated these additional claims or any of the five state law claims addressed above, however, the Court will dismiss the complaint against Brown without prejudice, because all federal law claims against Brown have been dismissed.

When the basis of jurisdiction over state law claims, as here, is supplemental jurisdiction pursuant to 28 U.S.C. § 1367, "as a general rule, a federal court should decline to exercise jurisdiction over pendent state claims when all federal claims are disposed of prior to trial."[82] A court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.[83] The Fifth Circuit has emphasized that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[84]

Here, the balance of factors weighs towards declining to exercise jurisdiction. Judicial economy concerns are best served by declining to exercise jurisdiction, as this litigation is still at a relatively early stage.[85] The convenience factor also weighs in favor of declining to exercise jurisdiction, because the parties will not have to perform any redundant or particularly burdensome

---

[82] *Brim v. ExxonMobil Pipeline Co.*, 213 F. App'x 303, 305 (5th Cir. 2007) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). *See also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed") (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

[83] Carlsbad Tech, Inc. v. HIF Bio, Inc., 556 U.S. 225, 245 (2009).

[84] *Parker & Parsley*, 972 F.2d at 586 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)) (internal quotations and citations omitted).

[85] *See id.* at 587 (noting that judicial economy would have been better served by dismissal from federal court where discovery had not been completed and the litigation was at a relatively early stage).

work in order to litigate in state court.[86] Federalism and comity concerns also point toward dismissal in this case, where all remaining claims must be decided under state law. The federal courts are courts of limited jurisdiction, and state courts often have superior familiarity with their jurisdictions' law.[87] Although the state claims presented may not be particularly difficult or novel, federalism and comity concerns suggest that they should nevertheless be decided by the appropriate state court.

Finally, the fairness factor concerns the prejudice to the parties that would arise from dismissal.[88] Here, where neither party would have to repeat the "effort and expense of the discovery process," this factor also weighs in favor of declining to exercise jurisdiction.[89] In consideration of Smith's *pro se* status, the Court notes that she would not be barred from bringing those state law claims that had not prescribed at the filing of this litigation. In a federal lawsuit in which supplemental jurisdiction is exercised, the period of limitations shall be tolled while the claims is "pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."[90] Furthermore, Louisiana state law provides that prescription is interrupted when an action is commenced in a court of competent jurisdiction and venue.[91] Even if an action is filed in an incompetent court or in an improper venue, interruption of prescription continues

---

[86] *See id.* (finding no undue inconvenience to the parties where little new legal research would be necessary as a result of dismissal and where remaining claims would be governed by state law in either federal or state forum).

[87] Id. (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 122 n. 32 (1984)).

[88] *Id.* at 588.

[89] *Id.* (citing *Waste Sys. v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir. 1982)).

[90] 28 U.S.C. § 1367(d).

[91] La. Civ. Code art. 3462.

from the service of process as long as the suit is pending.[92] Consequently, Smith still has an opportunity to bring any state claims that had not prescribed at the filing of her federal complaint as long as Brown received service of process.

### IV. Conclusion

Accordingly;

**IT IS HEREBY ORDERED** that Brown's "Motion to Dismiss"[93] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __20th__ day of September, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[92] La. Civ. Code art. 3463.

[93] Rec. Doc. 14.

18