**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONNA M. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-2784** |
| **THOMAS U. BROWN, et al.** | **SECTION: "G"(1)** |

**ORDER**

In this litigation, *pro se* Plaintiff Donna M. Smith ("Plaintiff") seeks damages, as well as injunctive relief, from an array of defendants under a number of legal theories connected to her state court divorce proceedings from her ex-husband.[1] Presently pending before the Court are two motions: (1) Plaintiff's "Motion for Reconsideration of Motion for Entry of Default"[2] against Gordon Patton ("Patton") and the Law Office of Gordon Patton and (2) Plaintiff's "Motion for Default Judgment as to Gordon Patton."[3] Pursuant to Local Rule 7.5, an opposition to a motion must be filed eight days before the noticed submission date. Defendants have not filed an opposition to either of Plaintiff's motions, which were set for submission on July 6, 2016, and September 28, 2016, respectively. Therefore, Plaintiff's motions are deemed to be unopposed. District courts may grant an unopposed motion as long as the motion has merit.[4]

The Court notes that there appears to be significant confusion in the record as to the entry of default against Defendants Patton and the Law Office of Gordon Patton (collectively "Patton Defendants"). Therefore, before addressing the pending motions, the Court will first determine

[1] Rec. Doc. 1.

[2] Rec. Doc. 46.

[3] Rec. Doc. 58.

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

whether an entry of default was properly granted as to the Patton Defendants. After reviewing the motions, the memoranda in support, the record, and the applicable law, the Court finds good cause to set aside the entry of default and deny Plaintiff's current motions.

### *A. Whether Entry of Default against the Patton Defendants was Proper*

#### 1. Relevant Background

In order for the Court to determine whether a grant of entry of default was proper against the Patton Defendants, it is necessary to review a somewhat convoluted record. On November 9, 2015, the Court ordered that Plaintiff show cause as to why certain Defendants, including the Patton Defendants, Sharry Sandler ("Sandler") and the Law Office of Sharry Sandler (collectively "Sandler Defendants"), should not be dismissed for failure to prosecute, as the record did not reflect service upon the Patton Defendants, the Sandler Defendants, and certain other Defendants.[5] On December 9, 2015, and January 6, 2016, Plaintiff submitted insufficient responses to the Court's Order to show cause.[6] On January 20, 2016, the Court issued an Order finding that Plaintiff had failed to file proper proof of service on the Patton Defendants and Sandler Defendants into the record.[7] In that Order, the Court noted that Plaintiff had submitted an affidavit by her process server that stated that he served summons and a copy of the complaint on the Sandler Defendants and Patton Defendants on July 24, 2015.[8] However, the Court found that "[n]o details of the service were provided, whether it was personal service and who received service as a

[5] Rec. Doc. 15.

[6] Rec. Docs. 19, 23.

[7] Rec. Doc. 24.

[8] *Id.* at 1.

registered agent."[9] The Court allowed Plaintiff 30 days to file proper proof of service into the record.[10]

Following the Court's Order, the Plaintiff submitted a service return indicating that service was attempted but not made on the Patton Defendants on February 18, 2016.[11] The record indicates that on March 1, 2016, summons were returned unexecuted as to the Patton Defendants and the Sandler Defendants.[12] Despite the fact that Plaintiff appeared from the record to have failed to properly serve the Patton Defendants and Sandler Defendants, on April 12, 2016, Plaintiff moved for entry of default as to the Patton Defendants and Sandler Defendants.[13] Plaintiff attached an affidavit to her motions for entry of default as to the Patton Defendants and Sandler Defendants stating that "[d]efendants were served with summons and complaints."[14] The affidavit did not state when the Patton Defendants and Sandler Defendants had been served with summons and complaints. The record reflects that summons were returned executed for the first time as to the Patton Defendants and Sandler Defendants one week later on April 19, 2016.[15] To support the assertion that summons were returned executed as to the Patton Defendants and Sandler Defendants, Plaintiff filed an unsworn affidavit again stating that "[d]efendants were served with summons and complaints" but not indicating when the Patton Defendants and Sandler Defendants

---

[9] *Id.*

[10] *Id.* at 2.

[11] Rec. Doc. 27-1.

[12] Rec. Doc. 27.

[13] Rec. Docs. 31, 32.

[14] *See* Rec. Doc. 32-1.

[15] Rec. Doc. 37.

were served.[16]

The next day, on April 20, 2016, the Clerk of Court granted Plaintiff's motion for entry of default as to the Patton Defendants on the grounds that Plaintiff had submitted proof of service that the Patton Defendants had been personally served on July 24, 2015,[17] despite the fact that the Court had previously issued an Order finding that Plaintiff's proof of service on July 24, 2015, was inadequate.[18]

On that same day, one day after the record reflects that summons were properly executed, the Patton Defendants, along with the Sandler Defendants, filed a motion to dismiss.[19] On April 22, 2016, the Clerk of Court issued another order contradicting the initial grant of entry of default as to the Patton Defendants and denying entry of default as to the Patton Defendants and Sandler Defendants.[20] However, on April 26, 2016, the Clerk of Court issued an amended order denying entry of default as to the Sandler Defendants and reaffirming the grant of entry of default against the Patton Defendants.[21] Thus, the Clerk of Court ultimately denied Plaintiff's motion for entry of default as to the Sandler Defendants but granted Plaintiff's motion for entry of default as to the Patton Defendants. The Court will next determine whether the entry of default as to the Patton Defendants was proper.

---

[16] *Id.*

[17] Rec. Doc. 38.

[18] Rec. Doc. 24.

[19] Rec. Doc. 39.

[20] Rec. Doc. 41.

[21] Rec. Doc. 42. ("It is further ordered that order entered April 22, 2016 (Rec. Doc. #41) is amended to remove denial of entry of default against defendants Gordon Patton and the Law Office of Gordon Patton. Default was previously granted as to these defendants.").

**2. Entry of Default as to the Patton Defendants was Not Proper**

As evidenced by the record, in granting Plaintiff's motion for entry of default as to the Patton Defendants, the Clerk of Court stated that the Patton Defendants had been personally served on July 24, 2015.[22] However, as noted above, the Court's Order of January 20, 2016, explicitly found that Plaintiff had *not* provided sufficient proof of service on the Patton Defendants and Sandler Defendants on July 24, 2015, and granted Plaintiff an additional 30 days to file proof of service into the record.[23] Therefore, the Clerk of Court erroneously relied on insufficient proof of service in granting Plaintiff's request for entry of default as to the Patton Defendants on April 20, 2016. Moreover, within hours of the Clerk of Court's erroneous entry of default, Sandler filed a motion to dismiss for failure to state a claim on behalf of the Sandler Defendants and Patton Defendants.[24]

Under Federal Rule of Civil Procedure 55, the Court "may set aside an entry of default for good cause."[25] "The decision to set aside a default decree lies within the sound discretion of the district court."[26] However, "because modern federal procedure favors trial on the merits," should a district court not set aside default, "an abuse of discretion need not be glaring to justify reversal."[27] Under Rule 55(c), good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer

---

[22] *Id.*

[23] Rec. Doc. 24 at 1–2.

[24] Rec. Doc. 39.

[25] Fed. R. Civ. P. 55(c).

[26] *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

[27] *Id.*

a complaint timely."[28] When utilizing the "good cause" standard, courts typically consider (1) whether default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented, among other possible factors.[29] The requirement of good cause has generally been interpreted liberally.[30] Although it does not appear that the Fifth Circuit has directly spoken on the issue, the text of Rule 55(c) does not refer to a requirement that a motion be filed in order to set aside an entry of default.[31]

Here, in granting entry of default against the Patton Defendants, the Clerk of Court incorrectly relied on proof of service that the Court had already determined was insufficient.[32] Moreover, the record does not indicate that the Patton Defendants failed to respond to Plaintiff's Complaint within 21 days. Therefore, the Court finds that entry of default was erroneously granted as to the Patton Defendants. Accordingly, the Court finds that good cause exists to set aside the entry of default against the Patton Defendants pursuant to Federal Rule of Civil Procedure 55(c).

### *B. Plaintiff's Motion for Reconsideration of the Denial of Her Motion for Entry of Default*

In Plaintiff's motion for reconsideration of her motion for entry of default against the

---

[28] *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).

[29] *Id.*

[30] *Hancock Bank v. Oller*, No. 14-1300, 2016 WL 301695, at *4 (E.D. La. Jan. 25, 2016) (Brown, J.) (citing *Effjohn Int'l Cruise Holdings, Inc. v. Enchanted Isle MV*, 346 F.3d 552, 563 (5th Cir. 2003) (internal quotation marks omitted).

[31] Numerous courts have found that a motion is not required to set aside an entry of default. *See, e.g.*, *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) ("[T]he district court had the authority to set aside *sua sponte* an entry of default . . . for good cause."); *Anheuser–Busch, Inc. v. Philpot, III*, 317 F.3d 1264, 1267 (11th Cir. 2003) (holding that the district court could vacate the entry of default *sua sponte*); *Rock v. AM. Express Travel Related Servs. Co.*, No. 08–CV–0853, 2008 WL 5382340, at *2 n. 4 (N.D.N.Y. Dec. 17, 2008) (same); *Konnectcorp Int'l, Inc. v. Daniesh Suntharalingam, et al.*, No. 13-3656, 2015 WL 11120539, at *3 (N.D. Tex. Mar. 15, 2015) (same).

[32] *See* Rec. Docs. 23, 38.

Patton Defendants, Plaintiff argues that an entry of default against the Patton Defendants should issue, because service of summons and the complaint was effectuated upon the Patton Defendants and the Patton Defendants failed to file a responsive pleading or affirmative defense.[33] In support of the motion for reconsideration, Plaintiff submits an unsworn affidavit, which like the affidavit submitted in support of her original motion for entry of default against the Patton Defendants, simply states that "[d]efendants were served with summons and complaints" but does not provide any detail as to when service was effectuated. It appears from the motion that Plaintiff was unaware that her motion for entry of default against the Patton Defendants was granted by the Clerk of Court on April 20, 2016,[34] which would have rendered the instant motion to reconsider moot. However, in consideration of Plaintiff's *pro se* status and because the Court has determined that entry of default was not proper, the Court will address Plaintiff's arguments for reconsideration here.

Rule 54(b) of the Federal Rules of Civil Procedure provides that an order adjudicating fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Pursuant to Rule 54, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[35] The Fifth Circuit has stated that a court may reconsider and reverse an interlocutory order for "any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law."[36]

---

[33] Rec. Doc. 46 at 1.

[34] *See* Rec. Doc. 38.

[35] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[36] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) (citing *Lavespere v. Niagara*

Courts in this district generally evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[37] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend its judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[38] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[39] with relief being warranted only when the basis for relief is "clearly establish[ed]."[40] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)  the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2)  the movant presents newly discovered or previously unavailable evidence;

(3)  the motion is necessary in order to prevent manifest injustice; or

(4)  the motion is justified by an intervening change in controlling law.[41]

---

*Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)).

[37] *See S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (Brown, J.) (citing *Castrillo v. Am. Home Mortg. Servicing, Inc*., 2010 WL 1424398, at *3 (E.D. La. 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08–1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05–4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.)).

[38] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[39] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[40] *See Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

[41] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr.

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[42] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[43] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[44] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[45]

Here, Plaintiff has not presented any new evidence or pointed to any other reason outlined in the Rule 59(e) factors as to why an entry of default should be granted against the Patton Defendants. As the Court found *supra*, the only evidence of proper service in the record as to the Patton Defendants is that summons were returned executed on April 19, 2016.[46] Furthermore, the record indicates that both the Patton Defendants and Sandler Defendants responded by April 20, 2016.[47] Plaintiff has not demonstrated that service was properly effected on the Patton Defendants at an earlier time. The record also reflects that both the Sandler Defendants and Patton Defendants

---

5, 2010) (Vance, J.) (citations omitted).

[42] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[43] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[44] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[45] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[46] *See* Rec. Doc. 37.

[47] Rec. Doc. 39.

responded to the properly served summons one day later on April 20, 2016.[48] Accordingly, denial of Plaintiff's motion for reconsideration of the motion for entry of default is appropriate.

### *B. Plaintiff's Motion for Default Judgment against Patton*

In the motion for default judgment, Plaintiff requests that the Court enter default judgment against Patton pursuant to Federal Rule of Civil Procedure 55(b)(2).[49] Plaintiff notes that an order granting motion for entry of default as to Patton was issued by the Clerk of Court.[50] Plaintiff requests that the Court assess and award "an amount feasible in connection with the premises of this case."[51] Plaintiff also asserts that despite the fact that the Patton Defendants were in default, Sandler made an "illicit attempt" to represent Patton on the same day that the Clerk of Court issued an entry of default as to Patton.[52] However, because the Court finds *supra* that entry of default against Patton is not warranted, default judgment against Patton is not appropriate. Therefore, Plaintiff's motion for default judgment against Patton is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the entry of default as to Defendants Gordon Patton and the Law Office of Gordon Patton be set aside.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Reconsideration of Motion for

---

[48] *Id.*

[49] Rec. Doc. 58 at 1. The Court notes that Plaintiff only requests default judgment against Patton and not against the Law Office of Gordon Patton.

[50] *Id.*

[51] *Id.*

[52] *Id.*

Entry of Default"[53] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Default Judgement"[54] against Patton is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 23rd day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[53] Rec. Doc. 46.

[54] Rec. Doc. 58.