## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA M. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-2784** |
| **THOMAS U. BROWN, et al.** | **SECTION: "G"(1)** |

### ORDER

In this litigation, *pro se* Plaintiff Donna M. Smith ("Plaintiff") seeks damages, as well as injunctive relief, from an array of defendants under a number of legal theories connected to her state court divorce proceedings from her ex-husband, Defendant Thomas Brown ("Brown").[1] Pending before the Court is Plaintiff's "Motion to Set Aside/Vacate Order on Motion to Dismiss/Failure to State a Claim,"[2] wherein Plaintiff urges the Court to vacate its previous Order dismissing Plaintiff's claims against Defendants Chanel R. Debose ("Debose") and the Law Office of Chanel R. Debose (collectively "the Debose Defendants") and Judge Monique E. Barial ("Judge Barial").[3] Having considered the motion, the memorandum in support of the motion, the record, and the applicable law, the Court will deny the motion.

### I. Background

In Plaintiff's Complaint, she alleges that in December 2009, she was granted a divorce from Brown.[4] Afterward, Brown filed a petition for the partition of community property in Civil District

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 36.

[3] Rec. Doc. 30.

[4] Rec. Doc. 1 at 5–6.

1

Court for the Parish of Orleans on April 12, 2012.[5] On November 6, 2014, Plaintiff and Brown entered into a written stipulation regarding the partition of their community property, which was accepted and signed as a consent judgment by Judge Regina Bartholomew Woods on December 10, 2014.[6] It appears from the Complaint that both parties were represented by counsel at that time.[7]

Plaintiff, proceeding *pro se* in this action, alleges that, in the underlying state divorce proceedings, Brown conspired with his attorney, Debose, to fabricate evidence and commit perjury in order to deprive Smith of property.[8] According to Plaintiff, Debose conspired with Plaintiff's attorney, Sharry I. Sandler ("Sandler"), to forge Plaintiff's and Brown's signatures on the stipulated agreement.[9] Plaintiff alleges that although she had previously refused to sign the agreement, on November 2, 2014, Sandler misrepresented to her that she was required to sign the agreement by the then-presiding judge.[10]

Plaintiff, proceeding *pro se*, then filed a new petition in state court to annul the consent judgment in her divorce proceeding, alleging fraud and ill practice on the part of Brown and duress, coercion, and misrepresentation by Plaintiff's attorney.[11] On March 16, 2015, Debose filed

---

[5] Rec. Doc. 7-2 at 1.

[6] *Id.*

[7] *See* Rec. Doc. 1 at 3.

[8] Rec. Doc. 1 at 6.

[9] *Id.* at 3.

[10] *Id.* at 4.

[11] According to the Fourth Circuit Court of Appeal, Plaintiff initially "collaterally filed a motion to annul the consent judgment, which was not the proper procedure under La. C.C.P. art. 2004. She subsequently filed a new petition to annul, and the matters were consolidated." *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538 n. 1.

peremptory exceptions of no cause of action and no right of action on behalf of Brown, and those exceptions, as well as Plaintiff's petition for annulment of the consent judgment, came up for hearing on April 29, 2015.[12]

Judge Barial signed a judgment granting Brown's peremptory exceptions and holding that Plaintiff's petition for annulment was rendered moot.[13] Plaintiff, proceeding *pro se*, then sought supervisory review of Judge Barial's decision, but did not attach the judgment at issue.[14] The Louisiana Fourth Circuit Court of Appeal therefore denied her application on May 7, 2015, noting that "dismissal of a case based upon a peremptory exception of no cause of action may be a final judgment and failure to appeal creates a legal bar to any further action."[15] Plaintiff then filed a motion for reconsideration of her application for supervisory review on June 16, 2015, but it was denied on July 9, 2015.[16] Plaintiff did not appeal to the Louisiana Supreme Court regarding the denial of the supervisory writ.[17]

However, Plaintiff later appealed Judge Barial's decision granting Brown's exceptions and denying Plaintiff's petition for annulment of the consent judgment as moot.[18] The Louisiana Fourth Circuit Court of Appeal found that Judge Barial did not err in granting Brown's exception of no

---

[12] *Id.* at 538.

[13] Rec. Doc. 7-5 at 5.

[14] Rec. Doc. 7-6 at 1.

[15] *Id.*

[16] Rec. Doc. 7-2 at 3.

[17] *Id.*

[18] *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538.

3

cause of action.[19] However, "out of an abundance of caution," the court remanded the case to the trial court to allow Plaintiff to amend her petition to state a cause of action if possible.[20]

Plaintiff filed the instant Complaint in federal court on July 20, 2015, claiming that Debose and Brown concocted a scheme to utilize Judge Barial's authority to deprive Smith of her rights and property.[21] Plaintiff contends that she was deprived of due process in state court because of the collusion between the attorneys in the divorce proceeding and Judge Barial's refusal to hear from Plaintiff's new attorney in the second proceeding.[22] Plaintiff seeks injunctive relief from the state court judgments and damages.[23] On March 14, 2016, this Court granted motions to dismiss filed by Judge Barial and the Debose Defendants.[24]

On April 19, 2016, Plaintiff filed the instant motion seeking reconsideration of the Court's Order granting Judge Barial's and the Debose Defendants' motions to dismiss.[25] Judge Barial and the Debose Defendants, who have already been dismissed from this action, did not file an opposition.

## II. Plaintiff's Arguments

In her motion, Plaintiff asserts that the Court's prior Order is "contrary to the facts, law and evidence, and aggrieves her legal and constitutional protected rights."[26] Plaintiff avers that the

---

[19] *Id.* at 542.

[20] Id.

[21] Rec. Doc. 1 at 6.

[22] *Id.* at 7.

[23] *Id.* at 8.

[24] Rec. Doc. 30.

[25] Rec. Doc. 36.

[26] Rec. Doc. 36 at 1.

4

Louisiana Fourth Circuit Court of Appeal remanded her state action to Judge Barial with instructions to "allow for Louisiana code of civil procedure article 1151 for amending and adjudication."[27] Plaintiff requests that the Court take judicial notice of that decision in which Plaintiff asserts that the court instructed the trial court to allow Plaintiff to amend her petition "with particularity of the fraud for annulment."[28]

Plaintiff concedes that Judge Barial was acting in her judicial capacity in rendering judgment against her in state court but contends that "injunctive relief should be allowed from the judgment in accordance with FRCP Rule 60(b)(2) and (4) maintaining Chanel R. Debose and the Law Office of Chanel R. Debose as defendant parties."[29] Plaintiff avers that Federal Rule of Civil Procedure 60(b)(2) allows relief from an order of a court due to newly discovered evidence.[30] Plaintiff further argues that pursuant to 28 U.S.C. § 1738, the state court judgment is not entitled to full faith and credit.[31]

Plaintiff contends that the decision of the state court of appeal demonstrates that she is being afforded an opportunity to present her claims in the state court proceeding and that it was premature to dismiss Debose as a result.[32] Plaintiff asserts that she has been afforded an opportunity to amend her petition against Brown in state court.[33] Plaintiff argues that she was denied her right to present a claim in state court as the "mover for annulment" but that Debose was

---

[27] *Id.*

[28] Rec. Doc. 36-1 at 1.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.* at 2.

[33] *Id.*

permitted to litigate her peremptory exception of no right or cause of action.[34] Plaintiff contends that Judge Barial's decision granting Brown's peremptory exceptions and denying her petition to annul the consent judgment as moot was "arbitrary and capricious of the constitution due process."[35]

According to Plaintiff, for *res judicata* to operate, due process requires that the precluded party must have had a full and fair opportunity to litigate her case in the earlier proceeding.[36] Plaintiff further asserts that pursuant to 28 U.S.C. § 1738, a federal court may refuse to accord preclusive effect to a state court judgment "if application of state preclusion law would violate due process."[37] In the instant matter, Plaintiff argues that she was "not afforded a full and fair opportunity to present her claims as required by due process under the state or federal constitution."[38] Plaintiff contends that Debose is not entitled to dismissal and that the Court should vacate its Order and allow Plaintiff "to amend and supplement her complaint as required by judicial process and controlling laws to state her claim for which relief may be granted."[39]

## III. Law and Analysis

### A.    *Legal Standard*

Rule 54(b) of the Federal Rules of Civil Procedure provides that an order adjudicating fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Pursuant to Rule 54, a district court "possesses the inherent procedural power to

---

[34] *Id.*

[35] *Id.*

[36] *Id.* (citing *Cruz v. Melecio*, 204 F.3d 14 (1st Cir. 2000)).

[37] *Id.* at 3 (citing *Peduto v. City of North Wildwood,* 878 F.2d 725 (3d Cir. 1989)).

[38] *Id.*

[39] *Id.*

reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[40] The Fifth Circuit has stated that a court may reconsider and reverse an interlocutory order for "any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law."[41]

Courts in this district generally evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[42] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend its judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[43] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[44] with relief being warranted only when the basis for relief is "clearly establish[ed]."[45] Courts in the Eastern District of Louisiana have

---

[40] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[41] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)).

[42] *See S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (Brown, J.) (citing *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 1424398, at *3 (E.D. La. 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08–1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05–4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.)).

[43] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[44] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[45] *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

> (1)     the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
>
> (2)     the movant presents newly discovered or previously unavailable evidence;
>
> (3)     the motion is necessary in order to prevent manifest injustice; or
>
> (4)     the motion is justified by an intervening change in controlling law.[46]

A motion for reconsideration "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[47] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[48] "It is well settled that motions for reconsideration should not be used . . .  to re-urge matters that have already been advanced by a party."[49] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[50]

---

[46] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).

[47] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[48] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[49] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[50] *Ferraro v. Liberty Mut. Ins. Co.*, No. 13-4992, 2014 WL 5324987, at *1 (E.D. La. Oct. 17, 2014) (Brown, J.). *See also Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

**B.     Analysis**

The Court notes as an initial matter that Plaintiff is proceeding without the benefit of counsel and is therefore *pro se*. The Fifth Circuit has held that "[w]e give *pro se* briefs a liberal construction."[51] Here, Plaintiff requests that the Court vacate its prior Order dismissing her claims against Judge Barial and the Debose Defendants pursuant to Federal Rule of Civil Procedure 60(b).[52] A motion for reconsideration under Rule 60(b) is controlled by "exacting substantive requirements."[53] However, the Court evaluates a motion for reconsideration pursuant to Rule 54 under the more liberal Rule 59(e) standard, which is "not subject to the limitations of Rule 60(b)."[54] Following the Fifth Circuit's guidance, the Court will evaluate Plaintiff's motion under the more liberal Rule 59(e) standard and will also address her arguments regarding Rule 60(b).

**1.     Whether the Court Should Vacate or Reconsider its Order Dismissing Plaintiff's Claims against Judge Barial**

The Court's prior Order dismissed Plaintiff's claims against Judge Barial, because: (1) Plaintiff sought review and relief from a final state court judgment and the Court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine; and (2) Judge Barial was entitled to absolute judicial immunity, as Plaintiff did not allege that Judge Barial clearly lacked all jurisdiction in the state proceeding.[55] Here, even under the more liberal Rule 59(e) standard,

---

[51] *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012).

[52] *See* Rec. Doc. 36-1 at 1.

[53] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173–74 (5th Cir. 1990) *abrogated by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

[54] *Id.*

[55] Rec. Doc. 30 at 18–19.

Plaintiff has not established that reconsideration of the Court's prior Order is appropriate as to Judge Barial.

Plaintiff seeks reconsideration of the Court's prior Order, because she now contends that her state court action was remanded to the trial court by the state court of appeal. It appears from the Complaint in this action that Plaintiff seeks relief from alleged injuries in two different state court proceedings: (1) the consent judgment in her state divorce proceeding; and (2) Judge Barial's decision to grant Brown's exception of no cause of action in the second state proceeding to annul the consent judgment.[56] Plaintiff has now notified the Court that the state court of appeal remanded Plaintiff's petition to annul the consent judgment in the second proceeding in order to allow Plaintiff to amend her petition to adequately state a claim[57] and appears to argue that the Court should reconsider its prior Order because the state court of appeal's decision constitutes new evidence.

However, the fact that Plaintiff's action to annul the consent judgment in her divorce proceeding was on appeal in state court is not newly discovered or previously unavailable evidence. Indeed, the fact that Judge Barial's decision was on appeal or that Plaintiff intended to appeal the decision was readily available to Plaintiff at the time that she filed her opposition to Judge Barial's and the Debose Defendants' motions to dismiss. Nevertheless, Plaintiff did not present this readily available information to the Court.[58] Thus, Plaintiff's recent decision to inform

---

[56] Rec. Doc. 1 at 3, 4.

[57] *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538.

[58] *See generally* Rec. Doc. 9.

the Court of evidence that was previously available to Plaintiff does not warrant reconsideration of the Court's prior Order.

Moreover, in its prior Order, the Court found that judicial immunity constituted an independent basis for the dismissal of Plaintiff's claims against Judge Barial.[59]  Plaintiff explicitly recognizes in the instant motion that Judge Barial "acted in her judicial capacity in rendering her judgment."[60] Thus, Plaintiff has not shown pursuant to Rule 60(b) that she is entitled to relief from the Court's Order dismissing Judge Barial because of new evidence or because the Order as to Judge Barial was void. Even under the more liberal Rule 59(e) standard, Plaintiff has not "clearly establish[ed]" that reconsideration of the Court's dismissal of Judge Barial is warranted.[61] The Court will therefore not reconsider or set aside its prior Order dismissing Plaintiff's claims against Judge Barial.

## 2. Whether the Court Should Vacate or Reconsider its Order Dismissing Plaintiff's Claims against the Debose Defendants

In its prior Order, the Court likewise found that it lacked subject matter jurisdiction over Plaintiff's claims against the Debose Defendants pursuant to the *Rooker-Feldman* doctrine, because Plaintiff sought review and relief from a state court judgment and Plaintiff made no argument as to why the relief she sought was not barred by the *Rooker-Feldman* doctrine.[62] In the instant motion, Plaintiff argues that it was premature for the Court to dismiss her claims against

---

[59] *See* Rec. Doc. 30 at 18–19.

[60] Rec. Doc. 36-1 at 1.

[61] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[62] Rec. Doc. 30 at 23–24.

the Debose Defendants,[63] as Plaintiff asserts that she has been afforded an opportunity to amend her state court petition by the state court of appeal.[64] Plaintiff further argues that she was deprived of the right to present her claim in the state court proceeding but that Debose was permitted to litigate her peremptory exception of no right or cause of action.[65] Plaintiff also appears to argue that a federal court should not give preclusive effect to the state court judgment because she was not afforded a full and fair opportunity to litigate her claims as required by due process.[66]

Here, as the Court held *supra*, Plaintiff has not pointed to evidence that was not previously available to her such that reconsideration of the Court's prior Order is warranted. As the Court noted *supra*, the fact that Judge Barial's decision was on appeal or that Plaintiff intended to appeal Judge Barial's decision was readily available to Plaintiff at the time that the Court issued its Order dismissing her claims against Judge Barial and the Debose Defendants. Despite the fact that the Debose Defendants argued in their motion to dismiss that Judge Barial's decision was final for *Rooker-Feldman* purposes,[67] Plaintiff failed to contradict the Debose Defendants in her opposition to the motion to dismiss or to even mention that she had appealed or planned to appeal Judge Barial's decision. The fact that Plaintiff did not come forward with information that was available to her at the time the Court issued its prior Order does not entitle her to reconsideration of the Court's prior Order now.[68]

---

[63] Rec. Doc. 36-1 at 2.

[64] *Id.*

[65] *Id.*

[66] *Id.* at 3.

[67] *See, e.g.,* Rec. Doc. 7-2 at 9.

[68] *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (holding that district court's decision to deny reconsideration was not manifestly unjust in law or fact, nor did it ignore newly discovered evidence, where

Moreover, the Court notes that reconsideration is not necessary to correct a manifest injustice, because even if the Court were to consider this previously available information, her action against the Debose Defendants would still be dismissed. First, the Court notes that this previously available evidence now brought to the Court's attention by Plaintiff would only potentially affect Plaintiff's claims against the Debose Defendants related to the second, possibly non-final judgment in Plaintiff's state court action seeking to annul the consent judgment in her divorce proceeding and not the final judgment in Plaintiff's original divorce proceeding. Pursuant to the Court's prior Order, the *Rooker-Feldman* would still bar consideration of Plaintiff's claims against the Debose Defendants related to the final judgment in the divorce proceeding.

Second, even construing Plaintiff's Complaint liberally, Plaintiff has set forth only unsubstantiated and conclusory allegations against the Debose Defendants in connection with Debose's role as Brown's attorney in the second proceeding to annul the consent judgment in the original divorce proceeding. Plaintiff cannot maintain her federal claims against the Debose Defendants under 42 U.S.C. § 1983, because she does not allege specific facts that would support a finding that the Debose Defendants, who were private actors, were "willful participants in joint activity with the state or its agents"[69] such that the Debose Defendants would be subject to liability as state actors under Section 1983 for their actions in the second state action.[70]

---

"the underlying facts were well within [Plaintiff's] knowledge prior to the district court's entry of judgment"). *See also Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (holding that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law"). *Cf. Watkins v. Weaver*, 20 F.3d 467 (5th Cir. 1994) (*per curiam*) ("[E]ven pro se plaintiffs are obligated to investigate the factual and legal bases of their claims before bringing suit.").

[69] *See Glotfelty v. Karas*, 512 F. App'x 409 (5th Cir. 2013) (*per curiam*). *See also Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989); *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

[70] *See Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (holding that a private citizen may only be held liable under Section 1983 where the plaintiff alleges "that the citizen conspired with or acted in concert with state actors"). *See also Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (internal citation omitted) (holding

As to Plaintiff's state law claims against the Debose Defendants for Debose's conduct as Brown's attorney in the second state proceeding, the Louisiana Supreme Court has made clear that "Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting on his client's behalf."[71] "A non-client, therefore, generally cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation."[72] While an attorney may be held liable under Louisiana law for "intentionally tortious actions, ostensibly performed for a client's benefit,"[73] Plaintiff has not alleged any facts related to the second proceeding to support a claim for an intentionally tortious action against the Debose Defendants. In sum, Plaintiff does not assert cognizable claims under state or federal law against the Debose Defendants related to the second proceeding in state court. Accordingly, even if the Court were to consider the previously available evidence now presented by Plaintiff, dismissal of Plaintiff's claims against the Debose Defendants would still be warranted. Thus, because Plaintiff has not demonstrated that there is a clear basis for reconsideration of its prior Order as to the Debose Defendants, the Court will not reconsider or set aside its prior Order dismissing Plaintiff's claims against the Debose Defendants.[74]

---

that in order to succeed in a Section 1983 suit against a private citizen, the plaintiff must allege an agreement between the private and public defendants to commit an illegal act and that "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice").

[71] *Bank of N.Y. Mellon v. Smith*, 180 So.3d 1238, 1245 (La. 2015) (citing *Penalber v. Blount*, 550 So.2d 577, 581 (La. 1989)).

[72] *Id.*

[73] *Id.*

[74] *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

## IV. Conclusion

The Fifth Circuit has instructed that reconsideration is "an extraordinary remedy that should be used sparingly,"[75] with relief being warranted only when the basis for relief is "clearly establish[ed]."[76] Here, even construing Plaintiff's motion liberally, the Court finds that Plaintiff has failed to present a clearly established basis for reconsideration of its prior Order dismissing Plaintiff's claims against Judge Barial and the Debose Defendants. Thus, reconsideration of the Court's prior Order is unwarranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Set Aside/Vacate Order"[77] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this ___23rd___ day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[75] *Templet*, 367 F.3d at 479.

[76] *Schiller*, 342 F.3d at 567.

[77] Rec. Doc. 36.