# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA M. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-2784** |
| **THOMAS U. BROWN, et al.** | **SECTION: "G"(1)** |

## ORDER

In this litigation, *pro se* Plaintiff Donna M. Smith ("Plaintiff") seeks damages, as well as injunctive relief, from an array of defendants under a number of legal theories connected to her state court divorce proceedings from her ex-husband.[1] Pending before the Court is Plaintiff Donna Smith's ("Plaintiff") "Motion to Vacate/Set Aside Court's Order Granting Motion to Dismiss as Unopposed"[2] Defendant Thomas Brown ("Brown") wherein Plaintiff urges the Court to vacate its previous Order dismissing Plaintiff's claims against Brown.[3] Having considered the motion, the memorandum in support of the motion, the record, and the applicable law, the Court will deny the motion.

## I. Background

In Plaintiff's complaint, she alleges that in December 2009, she was granted a divorce from Brown.[4] Afterward, Brown filed a petition for the partition of community property in Civil District

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 57.

[3] Rec. Doc. 56.

[4] Rec. Doc. 1 at 5–6.

Court for the Parish of Orleans on April 12, 2012.[5] On November 6, 2014, Plaintiff and Brown entered into a written stipulation regarding the partition of their community property, which was accepted and signed by Judge Regina Bartholomew Woods on December 10, 2014.[6]

Plaintiff alleges that, in the underlying state court proceedings, Brown conspired with his attorney, Chanel R. Debose ("Debose"), to fabricate evidence and commit perjury in order to deprive Plaintiff of property.[7] According to Plaintiff, Debose conspired with Plaintiff's attorney, Sharry I. Sandler ("Sandler"), to forge Plaintiff's and Brown's signatures on the stipulated agreement.[8] Plaintiff alleges that although she had previously refused to sign the agreement, on November 2, 2014, Sandler misrepresented to her that she was required to sign the agreement by the then-presiding judge.[9]

On December 30, 2014, Plaintiff, proceeding *pro se*, filed a petition in state court to annul the consent judgment alleging fraud and ill practice on the part of Brown and duress, coercion, and misrepresentation by Plaintiff's attorney.[10] On March 16, 2015, Debose filed peremptory exceptions of no cause of action and no right of action on behalf of Brown, and those exceptions,

---

[5] Rec. Doc. 7-2 at 1.

[6] *Id.*

[7] Rec. Doc. 1 at 6.

[8] *Id.* at 3.

[9] *Id.* at 4.

[10] According to the Fourth Circuit Court of Appeal, Plaintiff initially "collaterally filed a motion to annul the consent judgment, which was not the proper procedure under La. C.C.P. art. 2004. She subsequently filed a new petition to annul, and the matters were consolidated." *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538 n. 1.

as well as Plaintiff's petition for annulment of the consent judgment in her divorce proceeding, were heard on April 29, 2015.[11]

On June 2, 2015, Judge Monique E. Barial signed a judgment granting Brown's peremptory exceptions and holding that Smith's petition for annulment was rendered moot.[12] Plaintiff then sought supervisory review of Judge Barial's decision but did not attach the judgment at issue.[13] The Louisiana Fourth Circuit Court of Appeal therefore denied her application on May 7, 2015, noting that "dismissal of a case based upon a peremptory exception of no cause of action may be a final judgment and failure to appeal creates a legal bar to any further action."[14] Plaintiff then filed a motion for reconsideration of her application for supervisory review on June 16, 2015, but it was denied on July 9, 2015.[15] Plaintiff did not appeal to the Louisiana Supreme Court regarding the denial of the supervisory writ.[16] Plaintiff later appealed Judge Barial's June 2, 2015 decision, and the Louisiana Fourth Circuit Court of Appeal found that Judge Barial did not err in granting Brown's exception of no cause of action.[17] However, "out of an abundance of caution," the court remanded the case to the trial court to allow Plaintiff to amend her petition to state a cause of action if possible.[18]

---

[11] *Id.* at 538.

[12] Rec. Doc. 7-5 at 5.

[13] Rec. Doc. 7-6 at 1.

[14] *Id.*

[15] Rec. Doc. 7-2 at 3.

[16] *Id.*

[17] *Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538, 542.

[18] *Id.*

Plaintiff filed the instant Complaint in federal court on July 20, 2015, claiming that Debose and Brown concocted a scheme to utilize Judge Barial's authority to deprive Plaintiff of her rights and property.[19] Plaintiff contends that she was deprived of due process in state court because of the collusion between the attorneys in the original divorce proceeding and Judge Barial's refusal to hear from Plaintiff's new attorney in the proceeding brought by Plaintiff to annul the consent judgment in her divorce proceeding.[20] Plaintiff seeks injunctive relief from the state court judgments and damages.[21] On March 14, 2016, this Court granted motions to dismiss filed by Judge Barial and Brown's attorneys, Defendants Chanel R. Debose and the Law Office of Chanel R. Debose.[22] On September 20, 2016, the Court granted Brown's motion to dismiss Plaintiff's claims against him.[23]

Plaintiff filed the instant motion seeking reconsideration of the Court's prior Order dismissing her claims against Brown on September 27, 2016.[24] Brown, who is no longer a party to this action, did not file an opposition.

## II. Plaintiff's Arguments

In her motion, Plaintiff asserts that she never received a copy of Brown's motion to dismiss.[25] Plaintiff avers that the attorneys in the case are filing and submitting motions into the

---

[19] Rec. Doc. 1 at 6.

[20] *Id.* at 7.

[21] *Id.* at 8.

[22] Rec. Doc. 30. Plaintiff has since filed a motion to reconsider the Court's Order. *See* Rec. Doc. 36.

[23] Rec. Doc. 56.

[24] Rec. Doc. 57.

[25] Rec. Doc. 57-1 at 1.

record without serving the pleadings on her.[26] According to Plaintiff, Brown's failure to serve a copy of the motion to dismiss on her was in violation of Local Rule 5(b)(2) and Rule 5 of the Federal Rules of Civil Procedure.[27] Plaintiff contends that she was unable to respond to the motion because Brown never served her with a copy of the motion to dismiss.[28] Plaintiff argues that this failure to serve the pleading and the subsequent denial of her "right to receive notice and opportunity to respond" constitute violations of her rights under the First Amendment, Fifth Amendment, and Seventh Amendment of the Constitution.[29]

Plaintiff acknowledges that Brown's attorney certified that he served copies on all parties in a manner authorized by Federal Rule of Civil Procedure 5(b)(2) or via the Court's CM/ECF system.[30] However, Plaintiff "reject[s]/object[s] to such representation as false."[31] Plaintiff asserts that the Court granted Brown's motion to dismiss on the grounds that it was unopposed by Plaintiff.[32] Plaintiff contends that her complaint "is amendable and satisfies the requirement of FRCP Rule 8(a), and could readily be clarified by FRCP Rule 12(e) or Rule 15(a)."[33] Plaintiff argues that the Court's Order dismissing her claims against Brown is a "manifest injustice" that violates Plaintiff's rights to prosecute her claims against Brown.[34]

---

[26] *Id.*

[27] *Id.* at 3.

[28] *Id.*

[29] *Id.* at 3–4.

[30] *Id.* at 4.

[31] *Id.*

[32] *Id.* at 5.

[33] *Id.*

[34] *Id.*

### III. Law and Analysis

*A.*     *Legal Standard*

Rule 54(b) of the Federal Rules of Civil Procedure provides that an order adjudicating fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. Pursuant to Rule 54, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[35] The Fifth Circuit has stated that a court may reconsider and reverse an interlocutory order for "any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law."[36]

Courts in this district generally evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[37] Federal Rule of Civil Procedure 59(e) also allows courts to alter or amend its judgments after entry. The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[38] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is

---

[35] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[36] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)).

[37] *See S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (Brown, J.) (citing *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 1424398, at *3 (E.D. La. 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08–1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05–4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.)).

[38] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

"an extraordinary remedy that should be used sparingly,"[39] with relief being warranted only when the basis for relief is "clearly establish[ed]."[40] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)    the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2)    the movant presents newly discovered or previously unavailable evidence;

(3)    the motion is necessary in order to prevent manifest injustice; or

(4)    the motion is justified by an intervening change in controlling law.[41]

A motion for reconsideration "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments . . . .'"[42] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[43] "It is well settled that motions for reconsideration should not be used . . .  to re-urge matters that have already been advanced by a party."[44] When there exists no independent reason for reconsideration

---

[39] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[40] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

[41] *See, e.g.*, *Castrillo v. Am. Home Mortg. Servicing*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citations omitted).

[42] *Id.* (quoting *Templet v. HydroChem.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[43] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[44] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[45]

**B.      Analysis**

Plaintiff argues that the Court should vacate its prior Order dismissing her claims against Brown, because Brown's attorney fraudulently misrepresented effectuation of service upon her and never served a copy of the motion to dismiss on Plaintiff in violation of the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana.[46] However, the record indicates that Brown's attorney filed Brown's motion to dismiss in accordance with Local Rule 5.4, which requires that a filing party or attorney certify that copies of the filing have been served on all parties or their attorneys "in a manner authorized by FRCP 5(b)(2) *or* via the court's CM/ECF system."[47] The record indicates that Brown's attorney filed the motion to dismiss via the Court's electronic filing system and that the Clerk of Court subsequently mailed the pleading to Plaintiff's current address in a manner authorized by Federal Rule of Civil Procedure 5(b)(2).[48] Moreover, the record does not show that the mailed filing was returned as undeliverable.

Plaintiff has not presented any evidence to show that the record, which indicates that the pleading was properly mailed to Plaintiff by the Clerk of Court, is incorrect. Moreover, Plaintiff

---

[45] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[46] Rec. Doc. 57 at 1.

[47] Local Civil Rules of the United States District Court for the Eastern District of Louisiana, LR 5.4 (emphasis added).

[48] *See* Rec. Doc. 14, Notice of Electronic Filing. *See also* FRCP 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing.").

asserts that Brown's attorney failed to serve the motion to dismiss on Plaintiff and fraudulently misrepresented that he did.[49] However, the record defies her statement. In fact, the record reflects that Brown's attorney properly filed the pleading via the court's CM/ECF system in accordance with Local Rule 5.4 and that the Clerk of Court subsequently mailed the pleading to Plaintiff's current address in accordance with Federal Rule of Civil Procedure 5(b)(2).[50]

Moreover, contrary to Plaintiff's representations, the Court's prior Order was not based on "the grounds that it was unopposed by plaintiff."[51] Rather, the Court dismissed Plaintiff's claims against Brown because she failed to state a claim against Brown in her Complaint under Rule 12(b)(6).[52] In its Order dismissing Plaintiff's claims against Brown, the Court held that Plaintiff failed to state a federal claim against Brown under 42 U.S.C. §§ 1983 or 1985(2), because Plaintiff did not allege facts to show that Brown was a federal actor under Section 1983 or that Brown conspired to interfere with the administration of justice in federal court under Section 1985(2).[53] Pursuant to Rule 12(b)(6), the Court also held that Plaintiff had failed to allege sufficient facts to sustain her apparent state law claims against Brown.[54] Even construing Plaintiff's motion liberally, the Court finds that Plaintiff has not demonstrated that reconsideration of the Court's Order

---

[49] *See* Rec. Doc. 57 at 1.

[50] *See* FRCP 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing.").

[51] Rec. Doc. 57-1 at 5. The Court notes that although Plaintiff asks for reconsideration of its prior Order dismissing Brown, she has not raised any substantive grounds for reconsideration on the merits of the Court's prior Order.

[52] *See* Rec. Doc. 56 at 9–11, 16.

[53] *Id.* at 11.

[54] *Id.* at 11-15.

dismissing her claims against Brown is necessary "to correct manifest errors of law or fact or to present newly discovered evidence."[55]

### IV. Conclusion

The record indicates that Plaintiff was properly served with a copy of Brown's motion to dismiss. Plaintiff asserts that Brown's attorney failed to serve a copy of the motion to dismiss and fraudulently misrepresented that he properly served her with a copy of the pleading. However, Plaintiff has not presented any evidence to show that the record, which indicates that the pleading was properly mailed to Plaintiff by the Clerk of Court in accordance with Federal Rule of Civil Procedure 5(b)(2), is incorrect. Nor does Plaintiff point to any law demonstrating that the Court should reconsider its prior Order dismissing her claims against Brown. Even construing Plaintiff's motion liberally, the Court finds that Plaintiff has not demonstrated that reconsideration of the Court's Order dismissing her claims against Brown is necessary "to correct manifest errors of law or fact or to present newly discovered evidence."[56]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Vacate/Set Aside Court's Order Granting Motion to Dismiss as Unopposed"[57] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this ___23rd___ day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[55] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[56] *See id.*

[57] Rec. Doc. 57.