UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA M. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-2784** |
| **THOMAS U. BROWN, et al.** | **SECTION: "G"(1)** |

## ORDER

In this litigation, Plaintiff Donna M. Smith ("Plaintiff"), who is proceeding *pro se*, seeks damages, as well as injunctive relief, from an array of defendants, including her ex-husband, Thomas Ussin Brown ("Brown"), under a number of legal theories connected to her state court divorce proceedings from Brown.[1] Presently pending before the Court is Defendants Gordon Patton ("Patton") and the Law Office of Gordon Patton and Sharry I. Sandler ("Sandler") and the Law Office of Sharry I. Sandler's (collectively "Movants") "Motion to Dismiss for Failure to State a Claim."[2] Having reviewed the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

In Plaintiff's Complaint, she alleges that in December 2009, she was granted a divorce from Brown.[3] Afterward, Brown filed a petition for the partition of community property in Civil District Court for the Parish of Orleans on April 12, 2012.[4] On November 6, 2014, Plaintiff and Brown

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 39.

[3] Rec. Doc. 1 at 5–6.

[4] Rec. Doc. 7-2 at 1.

1

entered into a written stipulation regarding the partition of their community property, which was accepted and signed by Judge Regina Bartholomew Woods.[5]

Plaintiff alleges that, in the underlying state court divorce proceedings, Brown conspired with his attorney, Chanel R. Debose ("Debose"), to fabricate evidence and commit perjury in order to deprive Plaintiff of property.[6] According to Plaintiff, Debose conspired with Plaintiff's attorney in the divorce proceeding, Sandler, to forge Plaintiff's signature on the stipulated agreement.[7] Plaintiff alleges that although she had previously refused to sign the agreement, on November 2, 2014, Sandler misrepresented to her that she was required to sign the agreement by the presiding judge.[8] As to Patton, Plaintiff appears to allege that he appeared *pro hac vice* for Sandler and also colluded with opposing counsel to print Plaintiff's name on the stipulated agreement.[9] According to Movants, Patton appeared on behalf of Sandler at one hearing on March 12, 2014, because Sandler had recently given birth and could not attend the hearing.[10]

On December 10, 2014, a Community Property Consent Judgment was rendered in Plaintiff and Brown's divorce proceeding.[11] Then, Plaintiff, acting without counsel, filed a second action in state court to annul the final consent judgment in the divorce proceeding, alleging fraud and ill practice on the part of Brown and duress, coercion, and misrepresentation by Plaintiff's

---

[5] *Id.*

[6] Rec. Doc. 1 at 6.

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] *Id.* at 3.

[10] Rec. Doc. 39-1 at 2.

[11] *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538.

2

attorneys.[12] On March 16, 2015, Debose filed peremptory exceptions of no cause of action and no right of action on behalf of Brown, and those exceptions, as well as Plaintiff's petition for annulment of the stipulated agreement, came up for hearing on April 29, 2015.[13]

On June 2, 2015, Judge Monique E. Barial ("Judge Barial") signed a judgment granting Brown's peremptory exceptions and holding that Plaintiff's petition for annulment was rendered moot.[14] Plaintiff appealed Judge Barial's decision granting Brown's exceptions and denying as moot Plaintiff's petition for annulment of the consent judgment in her original divorce proceeding.[15] On February 24, 2016, the Louisiana Fourth Circuit Court of Appeal found that Judge Barial did not err in granting Brown's exception of no cause of action.[16] However, "out of an abundance of caution," the court remanded the case to the trial court to allow Plaintiff to amend her petition to state a cause of action if possible.[17]

Plaintiff filed the instant Complaint in federal court on July 20, 2015, claiming that Debose and Brown concocted a scheme to utilize Judge Barial's authority to deprive Plaintiff of her rights and property.[18] Plaintiff contends that she was deprived of due process in her original divorce

---

[12] According to the Fourth Circuit Court of Appeal, Plaintiff initially "collaterally filed a motion to annul the consent judgment, which was not the proper procedure under La. C.C.P. art. 2004. She subsequently filed a new petition to annul, and the matters were consolidated." *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538 n. 1. Louisiana Code of Civil Procedure article 2004 states that a "final judgment obtained by fraud or ill practices may be annulled" and that an "action to annul a judgment on these grounds must be brought within one year of discovery by the plaintiff in the nullity action of the fraud or ill practices."

[13] *Id.* at 538.

[14] Rec. Doc. 7-5 at 5.

[15] *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538.

[16] *Id.* at 542.

[17] *Id.*

[18] Rec. Doc. 1 at 6.

3

proceeding because of the collusion between the attorneys and in the second action to annul the consent judgment because of Judge Barial's refusal to hear from Plaintiff's new attorney.[19] Plaintiff seeks injunctive relief from the state court judgments and damages.[20]

Movants filed the instant motion to dismiss on April 20, 2016.[21] Plaintiff filed an opposition to the motion on August 9, 2016.[22]

## II. Parties' Arguments

### A. *Movants' Arguments in Support of the Motion to Dismiss*

In their motion to dismiss, Movants argue that Plaintiff cannot state a claim against them under federal law, as a claim for malicious prosecution under 42 U.S.C. § 1983 would require proving that, although Patton and Sandler were retained by a private individual, they were nevertheless state actors.[23] According to Movants, to make such a claim actionable, the private actors would have needed to enter into an agreement with public actors to commit an illegal act, and a plaintiff's constitutional rights must have been violated, which would require allegations of specific facts to show an agreement.[24] Movants claim, however, that federal law clearly states that a lawyer does not conspire with the state or state actors by simply using the legal system to bring

---

[19] *Id.* at 7.

[20] *Id.* at 8.

[21] Rec. Doc. 39.

[22] Rec. Doc. 55.

[23] Rec. Doc. 39-1 at 5 (citing *Allen v. Lowe*, 2015 WL 1021695 (E.D. La. 2015)). Movants note that their law and argument is adopted from the law and argument put forth by the Debose Defendants in their motion to dismiss. *See* Rec. Doc. 7.

[24] Rec. Doc. 39-1 at 5. (citing *Tebo v. Tebo*, 550 F.3d 492 (5th Cir. 2008); *Priester v. Lowndes Cty.*, 354 F.3d 414, 421 (5th Cir. 2004)).

a claim against an opposing party.[25] Thus, Movants argue, they did not transform into state actors simply by relying on Louisiana's legal system to pursue their client's interests, and likewise did not conspire with state actors by doing so.[26]

Next, Movants aver that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because Plaintiff's seeking of injunctive relief is an improper collateral attack on a final state court judgment.[27] Movants argue that all of the elements of a *Rooker-Feldman* claim are met.[28] First, Movants contend that Plaintiff was the "loser" in the state court proceeding.[29] Movants claim that the second element of the doctrine is also satisfied because Plaintiff complains of injuries caused by the state court judgment, specifically that she was "aggrieved by bias and prejudice in the process in state court proceedings."[30] Movants aver that the third element of *Rooker-Feldman* is also satisfied because a final judgment was rendered in state court before the federal pleadings commenced.[31] Finally, Movants contend, the fourth element of the *Rooker-Feldman* doctrine is satisfied because Plaintiff is seeking review and rejection of the state court's judgment, specifically

---

[25] *Id.* (citing *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (holding that merely resorting to the courts and being on the winning side of a lawsuit dose not make a party a coconspirator or a joint actor with government officials)); *Richard v. Hoechst Celanese Chem. Grp., Inc.* (355 F.3d 354, 353 (5th Cir. 2003) (holding that even if a judge reaches a decision based on misinformation that counsel provides, the issuance of the decision does not imply that counsel acted under the color of state law)).

[26] *Id.* at 6 (citing *Glotfelty v. Karas*, 512 F. App'x 409 (5th Cir. 2013)).

[27] *Id.*

[28] *Id.* According to Movants, the doctrine applies only where: (1) the plaintiff is the loser of a proceeding in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was rendered before the federal proceedings commenced; and (4) the plaintiff seeks review and rejection of the state court judgment. *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[29] *Id.*

[30] *Id.*

[31] *Id.*

injunctive relief from the judgment.[32] According to Movants, such a collateral attack is explicitly barred by the *Rooker-Feldman* doctrine.[33]

Movants next argue that Plaintiff's claims for general and punitive damages are also barred by the *Rooker-Feldman* doctrine because they are "inextricably intertwined" with the state court judgment.[34] Movants allege that a lengthy line of Fifth Circuit decisions holds "that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits."[35] Furthermore, they allege, that principle is not limited to actions "which candidly seek review of the state court decree; it extends to others in which 'the constitutional claims presented [in federal court] are inextricably intertwined with the state court's grant or denial of relief.'"[36]

Movants cite *Turner v. Chase*, a Fifth Circuit case in which they represent that a plaintiff sued all parties involved in her state court divorce proceeding, alleging that the parties, including the judge, her ex-husband, and her ex-husband's attorney, "conspired together to deprive her of her constitutional rights."[37] Movants aver that, in that case, the plaintiff had asked a court in the Eastern District of Louisiana to vacate a state court judgment of divorce and urged the court to find all of the defendants liable for equitable relief, including punitive damages, for their alleged

---

[32] *Id.* at 8.

[33] *Id.*

[34] *Id.* (citing *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

[35] *Id.* (citing *Hale*, 786 F.2d at 691).

[36] *Id.* (citing *Hale*, 786 F.2d at 691 (quoting *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983))).

[37] *Id.* (citing 334 F. App'x 657, 658 (5th Cir. 2009)).

collusion to violate her constitutional rights.[38] According to Movants, the Fifth Circuit upheld the district court's decision to dismiss the plaintiff's complaint based on *Rooker-Feldman*.[39] Movants urge the Court to follow the lead of *Turner* and dismiss the claims here that, as in *Turner*, seek relief from a state court judgment while also asserting claims for damages against the parties to the litigation.[40]

Movants' final argument is that dismissal is appropriate because Plaintiff's claim is barred by res judicata.[41] According to Movants, Louisiana law provides that a second action is precluded when all of the following are satisfied: "(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation."[42] Here, they argue, the trial court's June 2, 2015 judgment was valid because it was rendered by a court with jurisdiction over both the subject matter and parties after proper notice was given.[43] Furthermore, Movants claim, the judgment was final.[44]

Next, Movants argue that the third element of claim preclusion is met because the parties in this action are the same as those in the state court action.[45] Here, Movants claim, they share an

---

[38] *Id.* at 9 (citing *Turner*, 334 F. App'x at 659).

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* at 10 (quoting *Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So. 2d 1049, 1053).

[43] *Id.* at 11.

[44] *Id.* (citing *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So. 2d 1234 (La. 1993)).

[45] *Id.* (citing *Beavers v. CitiMortgage, Inc.*, 2015 WL 2383810 (E.D. La. May 19, 2015); *Berrigan v. Deutsch*,

undisputed identity of interest with Plaintiff, a party to the state court proceeding whom they represented.[46] Moreover, Movants argue that Plaintiff should have brought any claims against her counsel for fraud in inducement in state court.[47] As Plaintiff's counsel, Movants claim, their only interest in the underlying proceeding was to represent Plaintiff's interests, and they are therefore "privies," satisfying the third element of claim preclusion.[48]

Movants contend that the fourth and fifth elements of claim preclusion are also met here because Plaintiff's claims in this case ultimately rest on the proposition that the state court's judgments were invalid.[49] According to Movants, these claims existed at the time that the June 2, 2015 judgment became final, and arise out of the same transaction and occurrence as the state court proceedings, and are thus barred by the doctrine of res judicata.[50]

## B.  *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

In her opposition, Plaintiff asserts that the Louisiana Fourth Circuit Court of Appeal remanded her case to the trial court with instructions on February 24, 2016, and asks the Court to take judicial notice of the decision and to "adhere to the decision therein."[51] Plaintiff argues that there are genuine issues of material fact precluding summary dismissal of her federal and state law

---

*Kerrigan & Stiles, LLP*, 2001-0612 (La. App. 4 Cir. 1/2/02)).

[46] *Id.* at 12 (citing *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266, 1272 (5th Cir. 1990)).

[47] *Id.*

[48] *Id.* (citing *Beavers*, 2015 WL 2383810, at *10).

[49] *Id.*

[50] *Id.* at 12–13.

[51] Rec. Doc. 55 at 3.

8

claims against Movants.[52] Plaintiff also asserts that an entry of default has been granted against Patton.[53] Plaintiff argues that her Complaint sufficiently pleads a claim against Movants and argues that she should be allowed to amend her Complaint if the Court decides otherwise.[54]

Plaintiff next argues that she was deprived of her constitutional rights under the First and Fourteenth Amendments when Sandler accepted the judicial determination of the descriptive property list prepared by Brown's attorney without any evidence to support the calculations contained in the list.[55] Plaintiff avers that Louisiana Code of Civil Procedure article 863 requires a reasonable inquiry into facts prior to the signing of pleadings by attorneys and that Sandler and Patton did not abide by this rule.[56] Because she has not had her day in court, Plaintiff argues that dismissal is not warranted.[57] Plaintiff also argues that she has stated a claim under 42 U.S.C. § 1983, because she has been deprived and denied of her home and money by all Defendants.[58]

Plaintiff contends that the *Rooker-Feldman* and res judicata doctrines are inapplicable in these proceedings considering the ruling of the state court of appeal.[59] Plaintiff avers that Sandler's acceptance of the descriptive property list without any evidence "appears to constitute a fraud, breach of contract, trust, confidence, and fiduciary duties to her client."[60] Plaintiff also appears to

---

[52] *Id.*

[53] *Id.* at 3–4.

[54] *Id.* at 7.

[55] *Id.* at 8.

[56] *Id.*

[57] *Id.*

[58] *Id.* at 8–9.

[59] *Id.*

[60] *Id.* at 10.

9

argue that assigning Patton to appear *pro hac vice* on behalf of Plaintiff violated the professional code of conduct and ethics rules.[61] Plaintiff also argues that Sandler, as a defendant in this case, is violating Rule 7.1 by representing Patton, a defendant with "collaborative fault."[62] Finally, Plaintiff argues that Sandler was negligent in her representation of Plaintiff and that Plaintiff sustained damages as a result of Sandler's negligence.[63]

### III. Law and Analysis

#### A.   *Legal Standard on a Motion to Dismiss for Lack of Subject Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute."[64] It is a "first principle of jurisdiction" that a federal court must dismiss an action "whenever it appears that subject matter jurisdiction is lacking."[65] Accordingly, a claim is "properly dismissed for lack of subject-matter jurisdiction when the [C]ourt lacks the statutory or constitutional power to adjudicate" it.[66] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[67] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[68] When opposing

---

[61] *Id.*

[62] *Id.*

[63] *Id.*

[64] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[65] *Smith v. Brown*, No. 15-2784, 2016 WL 952255, at *6 (E.D. La. March 14, 2016) (Brown, J.) (citing 5B Charles A. Wright, Arthur R. Miller, et al.*, Federal Practice & Procedure* § 1530 (3d ed. 2014)).

[66] *In re FEMA Trailer*, 668 F.3d at 286 (citations omitted).

[67] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

[68] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286–87 (5th

a 12(b)(1) motion, as at all other times, the party asserting jurisdiction bears the burden to prove that the Court has jurisdiction.[69]

### B.   The Rooker-Feldman *Doctrine*

Federal courts lack subject matter jurisdiction to review or modify the final decisions of state courts unless there is a federal statute that specifically permits such a review.[70] This "firmly established" principle is known as the *Rooker-Feldman* doctrine.[71] Application of the doctrine is limited to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[72] Federal authority to review a state court judgment lies exclusively with the Supreme Court of the United States.[73]

### C.   *Analysis*

Although Movants have styled the instant motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim, Movants make numerous arguments in support of dismissing the claims against them, including that the *Rooker-Feldman* doctrine bars review of those claims.[74] Movants argue that Plaintiff seeks injunctive relief from the state court judgment and that her claims seeking

---

Cir. 2012) (citations omitted).

[69] *Smith*, 2016 WL 952255, at *6 (citing *Ramming*, 281 F.3d at 161).

[70] *Union Planters Bank Nat'l Ass'n*, 369 F.3d 457, 462 (5th Cir. 2004).

[71] *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)).

[72] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[73] *Id.* at 292; *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) ("Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United States Supreme Court; such errors are no business of ours.").

[74] *See* Rec. Doc. 39-1 at 6.

injunctive relief are barred from consideration by this Court under the *Rooker-Feldman* doctrine.[75] Movants further contend that Plaintiff's claims for which she seeks general and punitive damages are barred by the *Rooker-Feldman* doctrine because they are "inextricably intertwined" with the state court judgment.[76] Movants urge the Court to follow the lead of *Turner v. Chase*, a Fifth Circuit case upholding an order dismissing a case under *Rooker-Feldman* in which a plaintiff sued all parties involved in her state court divorce proceedings, alleging that the parties, including the judge, her ex-husband, and her ex-husband's attorney, "conspired together to deprive her of her constitutional rights."[77]

In the Complaint, Plaintiff brings federal and state law claims against Movants and seeks both injunctive relief from the state court judgments and damages.[78] Accordingly, the Court will first consider whether it is barred pursuant to the *Rooker-Feldman* doctrine from considering Plaintiff's claims against Movants to the extent that she explicitly seeks injunctive relief from a state court judgment and if so, whether, construing Plaintiff's Complaint liberally, Plaintiff's claims, for which she also seeks damages, constitute independent claims beyond the scope of *Rooker-Feldman*.

### 1. Whether the Court is Barred from Considering Plaintiff's Claims for which she Seeks Injunctive Relief Pursuant to the *Rooker-Feldman* Doctrine

"The Supreme Court has definitively established, in what has become known as the

---

[75] *Id.* at 8.

[76] *Id.* (citing *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

[77] *Id.* (citing 334 Fed. App'x 657 (2009)).

[78] *See* Rec. Doc. 1 at 8. In the section of the Complaint entitled "Prayer for Relief," Plaintiff explicitly prays for injunctive relief from the state court judgments and also prays that all Defendants are held liable for damages caused by their acts and omissions. The Court notes that Plaintiff does not tie her requests for relief to specific claims and instead generally requests both injunctive relief and damages for her claims against Defendants.

*Rooker-Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify *final* orders of state courts."[79] As an initial matter, the Court notes that in her Complaint, Plaintiff appears to seek injunctive relief from both (1) the final community property consent judgment in Plaintiff's original divorce proceedings; and (2) Judge Barial's decision to grant Brown's peremptory exceptions in the second state action.[80] The consent judgment in Plaintiff's original state divorce proceeding appears to be final, as evidenced by the fact that Plaintiff brought a second action to annul the consent judgment in her original divorce proceeding pursuant to Louisiana Code of Civil Procedure article 2004.[81] Article 2004 provides that a "*final* judgment obtained by fraud or ill practices may be annulled" and that an action to annul a judgment on these grounds must be brought within one year of discovery of the fraud or ill practices.[82]

However, it is unclear from the current record whether Judge Barial's decision to grant Brown's peremptory exceptions is now final in the second action. Plaintiff argues that the *Rooker-Feldman* doctrine is inapplicable to this case, because the Louisiana Fourth Circuit Court of Appeal remanded the second state action to the trial court.[83] However, Plaintiff's claims against Movants challenge only the first state action, not the second. Plaintiff's Complaint does not contain any allegations that Movants were involved in the second state proceeding before Judge Barial to annul

---

[79] *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (emphasis added) (internal quotation marks and citation omitted).

[80] *See* Rec. Doc. 1 at 3, 8.

[81] *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16) 187 So.3d 538 n. 1.

[82] La. Code Civ. P. art. 2004.

[83] Rec. Doc. 55 at 9.

the consent judgment from the original divorce proceeding. Rather, Plaintiff's Complaint solely alleges claims related to Movants' involvement in the original divorce proceeding and the final consent judgment rendered in that proceeding.[84] In fact, the record reflects that Patton and Sandler no longer represented Plaintiff in the second proceeding to annul the consent judgment.[85]

Thus, the fact that Plaintiff brought a second proceeding in state court to annul the final consent judgment and that a judgment may be pending in that proceeding is not relevant to the Court's analysis here. To the extent that Plaintiff brings claims against Movants for which she seeks review and rejection of a final state court judgment rendered before the instant action began, *i.e.* the consent judgment rendered in the state divorce proceeding, the Court is barred from considering such claims for which Plaintiff seeks injunctive relief pursuant to the *Rooker-Feldman* doctrine.[86]

### 2. Whether Plaintiff's Claims for which she Seeks Damages Constitute Independent Claims beyond the Scope of *Rooker-Feldman*

In addition to seeking injunctive relief, Plaintiff also seeks relief in the form of damages for her claims against Movants. Accordingly, construing Plaintiff's Complaint liberally, the Court will consider whether Plaintiff's claims against Movants constitute independent claims beyond the scope of *Rooker-Feldman*. Plaintiff alleges that Movants colluded with Brown's attorney to forge Plaintiff's signature on the stipulated agreement in her state divorce proceeding.[87] As noted by the

---

[84] *See* Rec. Doc. 1 at 4.

[85] *See id.* at 7. *See also Brown*, 187 So.3d 538.

[86] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that application of the *Rooker-Feldman* doctrine is limited to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

[87] Rec. Doc. 1 at 8.

Court *supra*, the record reflects that Movants were only involved in the original state divorce proceeding, and Plaintiff's factual allegations against Movants only relate to the original state divorce proceeding—not to the decision later rendered by Judge Barial in the second state action.

Movants argue that Plaintiff's claims against them do not constitute independent claims and must be dismissed as "inextricably intertwined with the state court" judgment under *Rooker-Feldman*.[88] The Fifth Circuit in *Truong v. Bank of America, N.A.* warned that "'inextricably intertwined' does not enlarge the core holding of *Rooker* or *Feldman*."[89] There, the Fifth Circuit explained that the two hallmarks of the *Rooker-Feldman* inquiry are: (1) "what the federal court is being asked to review and reject;" and (2) "the source of the federal plaintiff's alleged injury."[90] As *Truong* recognized, the Supreme Court had cautioned that in light of the "narrow ground" *Rooker-Feldman* occupies, "it does not prohibit a plaintiff from 'present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'"[91]

However, in *Truong*, the Fifth Circuit also made a point to note that there is no "general rule that *any* claim that relies on a fraud allegation is an 'independent claim' for *Rooker-Feldman* purposes."[92] The Fifth Circuit cited a number of cases in which it had held that *Rooker-Feldman* barred claims that judgments were fraudulently procured because the relief requested would

---

[88] *Id.*

[89] 717 F.3d 377, 385 (5th Cir. 2013).

[90] *Id.* at 382 (citing *Exxon Mobil Corp.*, 544 U.S. at 284).

[91] *Id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 293).

[92] *Id.* at 384 n.3.

15

necessarily include reversing a state court judgment.[93] *Truong* also approvingly cited *Turner v. Chase*,[94] the case relied upon by Movants, as well as *Turner v. Cade*[95] and *Sookma v. Millard*,[96] all unpublished decisions in which the Fifth Circuit held that the *Rooker-Feldman* doctrine barred claims that state court divorce decrees were procured through fraud because the federal plaintiffs had sought to void the adverse state court judgments.[97] In fact, *Sookma* involved a similar claim that the plaintiff's state court opponents and state judges conspired to deprive her of civil rights through fraud.[98] There, the Fifth Circuit found that the *Rooker-Feldman* doctrine barred review because the plaintiff sought, in addition to damages, to enjoin the enforcement of a state divorce decree.[99] By contrast, in the older Fifth Circuit cases cited in *Truong* for the proposition that a district court may have jurisdiction over "independent claims" that do not seek to merely overturn the state court judgment, the plaintiffs, unlike Plaintiff in the instant litigation, did not bring a direct attack on the judgment of a state court.[100]

---

[93] *Id.* (citing *Magor v. GMAC Mortg., L.L.C.*, 456 F. App'x 334, 336 (5th Cir. 2011) (holding that *Rooker–Feldman* bars a claim that a state foreclosure judgment was procured through fraud because "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested"); *United States v. Shepherd*, 23 F.3d 923, 924–25 (5th Cir. 1994) (holding that *Rooker–Feldman* prohibits a district court from voiding state foreclosure judgments, notwithstanding claims that the judgments were fraudulently procured)).

[94] 334 F. App'x 657, 659–60 (5th Cir. 2009).

[95] 354 F. App'x 108, 110–11 (5th Cir. 2009).

[96] 151 F. App'x 299, 300–01 (5th Cir. 2005).

[97] *See Truong*, 717 F.3d at 384 n.3.

[98] *Sookma*, 151 F. App'x at 300–01.

[99] *Id.*

[100] *See, e.g.*, *Drake v. St. Paul Travelers Ins. Co.*, 353 F. App'x 901, 905 (5th Cir. 2009) ("In his present complaint, [Plaintiff] is not inviting the district court to review and reject the judgment of the Texas state courts. Instead, [the plaintiff] is seeking damages for [a defendant's] allegedly fraudulent statements. Thus, *Rooker-Feldman* is inapplicable in this case."); *Illinois Cent. R. Co. v. Guy*, 682 F.3d 381, 391 (5th Cir. 2012) ("The *Rooker-Feldman* doctrine does not apply to this case because adjudicating [the plaintiff's] claims did not require the district court to review any final judgment rendered by a state court.").

Here, Plaintiff's Complaint explicitly seeks both injunctive relief from the state court judgment and damages.[101] The harm she alleges that she has suffered was a denial of her property rights, namely those that she alleges she was deprived of by Patton and Sandler's collusion with Brown's attorney to forge Plaintiff's signature on the consent agreement in her divorce proceeding.[102] In fact, Plaintiff explicitly argues that Sandler and Brown's attorney "intentionally designed and implemented a fraudulent scheme to deprive her of her legal rights and interests" and that the consent agreement forged by Sandler and Brown's attorney violated Plaintiff's constitutional rights.[103] Similar to the defendants in *Sookma*, Patton and Sandler are accused of colluding with opposing counsel to deprive Plaintiff of due process, as well as producing fabricated documents and manipulating evidence in order to influence the judge in the underlying divorce proceeding.[104]

As the Fifth Circuit has held, a plaintiff cannot circumvent the jurisdictional limit outlined by the *Rooker-Feldman* doctrine by asserting claims not raised in the state court proceedings or claims framed as original claims for relief.[105] If a federal district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decisions," and federal review is prohibited.[106] Therefore, the fact that Plaintiff brings claims against Movants that were not raised in the underlying divorce proceeding

---

[101] Rec. Doc. 1 at 3.

[102] *Id.* at 4.

[103] *Id.* at 4, 7.

[104] *Id.* at 6.

[105] *U.S. v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

[106] *Id.* (citing *Feldman*, 460 U.S. at 482 n. 16).

does not negate the fact that the relief she ultimately seeks is the voiding of the final consent judgment in her state divorce proceeding.

The Court notes that Plaintiff alleges a range of claims against Movants that were not raised in the original state proceeding, but each of these claims implicates the underlying state court judgment, such that the "true thrust of these allegations is against the merits of the divorce proceedings."[107] Accordingly, the Court finds that Plaintiff's claims against Movants for which she seeks damages in addition to injunctive relief are barred by the *Rooker-Feldman* doctrine because they are "inextricably intertwined" with the underlying state divorce judgment and the Court could not rule in Plaintiff's favor without overturning the state court.[108] The fact that Plaintiff seeks damages in addition to injunctive relief does not negate the fact that Plaintiff's claims against Movants ultimately constitute a collateral attack on the state court decree and that Plaintiff ultimately seeks to overturn or void a state court judgment, relief that this Court lacks subject matter jurisdiction to grant.[109]

Although the Court construes *pro se* complaints liberally, Plaintiff bears the burden of

---

[107] *Bell v. Valdez*, 207 F.3d 657 (5th Cir. 2000) (quoting *Wijas v. Nelson*, 1994 WL 117988, at *1 (7th Cir. 1994)).

[108] *See Shepherd*, 23 F.3d at 924. *See also Turner v. Chase*, 334 F. App'x 657 (5th Cir. 2009) (*per curiam*) (upholding district court's dismissal of plaintiff's civil rights action against ex-husband and attorneys involved in her state-court divorce proceedings under the *Rooker-Feldman* doctrine and agreeing that the action fell "squarely in the category of cases covered by the *Rooker-Feldman* doctrine"); *Turner v. Cade*, 354 F. App'x 108 (5th Cir. 2009) (upholding lower court's dismissal of plaintiff's civil rights action against ex-husband and lawyers involved in state divorce proceeding under the *Rooker-Feldman* doctrine and finding that the "sole cause of Appellant's alleged injury is the state court judgment, but Appellant attempts to classify her alleged injury as civil rights violations, which the *Rooker-Feldman* doctrine prohibits"); *Bell v. Valdez*, 207 F.3d 657 (5th Cir. 2000) (*per curiam*) (finding that a district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine to review a plaintiff's civil rights action against her ex-husband and judge in her divorce proceeding and noting that the "*Rooker-Feldman* doctrine has frequently been used to dismiss civil rights complaints that . . . are in essence challenges to state court divorce decrees") (internal citation omitted).

[109] *See Shepherd*, 23 F.3d at 924.

establishing federal jurisdiction,[110] and she has failed to carry that burden here. Accordingly, the Court finds that because Plaintiff seeks review and relief from the final state court judgment, pursuant to the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over her claims against Movants.

Moreover, even if the Court were to find that it was not barred from considering Plaintiff's federal claims under 42 U.S.C. §§ 1983 and 1985(2),[111] it would dismiss these claims pursuant to Rule 12(b)(6), because Plaintiff has not shown state action as required under Section 1983 or interference with the administration of justice in federal court as required under Section 1985(2).[112] Once this Court dismisses the federal claims against Movants, for whichever of these aforesaid reasons, it, in its discretion, would decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367 and hereby dismisses those claims without prejudice.

Finally, the Court notes that Plaintiff argues in her opposition that Patton is in default.[113] However, the Court determined in a prior Order that an entry of default as to Patton was

---

[110] *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001).

[111] The Court notes that it is difficult to determine which claims Plaintiff intends to bring against Movants, as she simply states in her Complaint that her action is brought against "defendant parties" pursuant to 42 U.S.C. §§ 1983 and 1985(2). Out of an abundance of caution, the Court addresses both statutes here.

[112] *See Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (holding that a private citizen may only be held liable under Section 1983 where the plaintiff alleges "that the citizen conspired with or acted in concert with state actors"). *See also Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (internal citation omitted) (holding that in order to succeed in a Section 1983 suit against a private citizen, the plaintiff must allege an agreement between the private and public defendants to commit an illegal act and that "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice"); *Daigle v. Gulf State Utilities Co., Local Union No. 2286*, 794 F.2d 974, 979 (5th Cir. 1986) (stating that a claim under § 1985(2) requires that there has been an interference with the *federal* court system).

[113] Rec. Doc. 55 at 5.

erroneously granted by the Clerk of Court due to an oversight.[114] Thus, Patton is not in default.

### IV. Conclusion

The Court finds that it lacks subject matter jurisdiction over Plaintiff's claims against Movants pursuant to the *Rooker-Feldman* doctrine, because Plaintiff seeks relief from the final state court judgment in her divorce proceeding and Plaintiff's claims against Movants for which she also seeks damages are "inextricably intertwined" with that judgment.[115] Moreover, even if the Court were to consider Plaintiff's claims against Movants, it would dismiss Plaintiff's federal claims against Movants pursuant to Rule 12(b)(6) and decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Movants pursuant to 28 U.S.C. § 1367.

Accordingly,

**IT IS HEREBY ORDERED** that the Patton Defendants and Sandler Defendants' "Motion to Dismiss"[116] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 23rd day of March, 2017.

                                             **NANNETTE JOLIVETTE BROWN**
                                             **UNITED STATES DISTRICT JUDGE**

---

[114] *See* Rec. Doc. 59.

[115] *See Shepherd*, 23 F.3d at 924.

[116] Rec. Doc. 39.