UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONNA M. SMITH                                    CIVIL ACTION

VERSUS                                            CASE NO. 15-2784

THOMAS U. BROWN, et al.                           SECTION: "G"(1)

ORDER

In this litigation, Plaintiff Donna M. Smith ("Plaintiff"), who is proceeding *pro se*, seeks damages, as well as injunctive relief, from an array of defendants, including her ex-husband, Thomas Ussin Brown ("Brown"), under a number of legal theories connected to her state court divorce proceedings from Brown.[1] Presently pending before the Court is Defendants Jabez Property Management, LLC ("Jabez"), Allen Duhon, and Adelle Duhon's (collectively "Movants") "Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim."[2] Having reviewed the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

**I. Background**

In Plaintiff's complaint, she alleges that in December 2009, she was granted a divorce from Brown, whom she accuses of physical, economic, and emotional abuse during the course of their three-year marriage.[3] Afterward, Brown filed a petition for the partition of community property in

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 35.

[3] Rec. Doc. 1 at 5–6.

1

Civil District Court for the Parish of Orleans on April 12, 2012.[4] On November 6, 2014, Plaintiff

and Brown entered into a written stipulation regarding the partition of their community property,

which was accepted and signed by Judge Regina Bartholomew Woods on December 10, 2014.[5]

Plaintiff alleges that, in the underlying state court proceedings, Brown conspired with his

attorney, Chanel R. Debose ("Debose"), to fabricate evidence and commit perjury in order to

deprive Smith of property.[6] According to Plaintiff, Debose conspired with Plaintiff's attorney,

Sharry I. Sandler ("Sandler"), to forge Plaintiff's and Brown's signatures on the stipulated

agreement.[7] Plaintiff alleges that although she had previously refused to sign the agreement, on

November 2, 2014, Sandler misrepresented to her that she was required to sign the agreement by

the then-presiding judge.[8]

In the Complaint, Plaintiff also alleges that she incorporated a contracting company called

"D Smith Gen Contractors" and that she hired Brown to act as her marking and contracting agent.[9]

Plaintiff alleges that Allen and Adelle Duhon are proprietors of Jabez and that "a contract was

negotiated" with Movants to provide construction services on their properties in 2006.[10] In the

Complaint, Plaintiff further alleges that Movants "concocted a scheme" with Brown whereby they

---

[4] Rec. Doc. 7-2 at 1.

[5] *Id.*

[6] Rec. Doc. 1 at 6.

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.* at 4–5.

paid revenues that should have been paid to Plaintiff's company to her employee, Brown.[11]

On December 30, 2014, Plaintiff, proceeding *pro se*, filed a petition in state court to annul the consent judgment alleging fraud and ill practice on the part of Brown and duress, coercion, and misrepresentation by Plaintiff's attorney.[12] On March 16, 2015, Debose filed peremptory exceptions of no cause of action and no right of action on behalf of Brown, and those exceptions, as well as Plaintiff's petition for annulment of the stipulated agreement, came up for hearing on April 29, 2015.[13]

On June 2, 2015, Judge Barial signed a judgment granting Brown's peremptory exceptions and holding that Plaintiff's petitions for annulment were rendered moot.[14] Plaintiff, proceeding *pro se*, then sought supervisory review of Judge Barial's decision, but did not attach the judgment at issue.[15] The Louisiana Fourth Circuit Court of Appeal therefore denied her application on May 7, 2015, noting that "dismissal of a case based upon a peremptory exception of no cause of action may be a final judgment and failure to appeal creates a legal bar to any further action."[16] Plaintiff then filed a motion for reconsideration of her application for supervisory review on June 16, 2015,

---

[11] Rec. Doc. 1 at 5.

[12] According to the Fourth Circuit Court of Appeal, Plaintiff initially "collaterally filed a motion to annul the consent judgment, which was not the proper procedure under La. C.C.P. art. 2004. She subsequently filed a new petition to annul, and the matters were consolidated." *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538 n. 1.

[13] *Id.* at 538.

[14] Rec. Doc. 7-5 at 5.

[15] Rec. Doc. 7-6 at 1.

[16] *Id.*

but it was denied on July 9, 2015.[17] Plaintiff did not appeal to the Louisiana Supreme Court regarding the denial of the supervisory writ.[18] Plaintiff later appealed Judge Barial's decision granting Brown's exceptions and denying Plaintiff's petition for annulment of the consent judgment as moot.[19] The Louisiana Fourth Circuit Court of Appeal found that Judge Barial did not err in granting Brown's exception of no cause of action.[20] However, "out of an abundance of caution," the court remanded the case to the trial court to allow Plaintiff to amend her petition to state a cause of action if possible.[21]

Plaintiff filed the instant Complaint in federal court on July 20, 2015, claiming that Debose and Brown concocted a scheme to utilize Judge Barial's authority to deprive Smith of her rights and property.[22] Plaintiff contends that she was deprived of due process in state court because of the collusion between the attorneys and Judge Barial's refusal to hear from Plaintiff's new attorney.[23] Plaintiff seeks injunctive relief from the state court judgments and damages.[24][25]

Jabez and the Duhons filed the instant motion on April 17, 2016.[26] Plaintiff filed an

---

[17] Rec. Doc. 7-2 at 3.

[18] *Id.*

[19] *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So.3d 538.

[20] *Id.* at 542.

[21] *Id.*

[22] Rec. Doc. 1 at 6.

[23] *Id.* at 7.

[24] *Id.* at 8.

[25] *Id.* at 8.

[26] Rec. Doc. 35.

opposition on May 4, 2016.[27]

## II. Parties' Arguments

### A.    *Movants' Arguments in Support of the Motion to Dismiss*

In support of their motion to dismiss, Movants assert that the Complaint does not allege that they were involved in the divorce proceedings or that they violated the civil rights of Plaintiff.[28] Movants argue that the Court has already dismissed Plaintiff's claims against Judge Barial and Debose because of lack of subject matter jurisdiction and that the remaining defendants involved in the civil rights action will also likely be dismissed, leaving no federal question for the Court to decide.[29]  The moving Defendants further assert that Plaintiff's claim that they paid Brown for work when they should have paid the company "clearly sounds in state law."[30]  According to Movants, they are not diverse from Plaintiff and "the only conceivable basis for this Court to have jurisdiction" over Plaintiff's claims against them is under 28 U.S.C. § 1367, supplemental jurisdiction.[31]  According to Movants, the Court can have jurisdiction over a non-diverse state law claim only when it derives from a common nucleus of operative fact.[32]  Movants argue that Plaintiff's allegations against them are remote from the civil rights actions against the other Defendants and involve different time periods, actions, and law.[33]  Accordingly, Movants argue

---

[27] Rec. Doc. 43.

[28] Rec. Doc. 35-1 at 2.

[29] *Id.* at 2–3.

[30] *Id.* at 3.

[31] *Id.*

[32] *Id.* (citing *Voda v. Cordis Corp.*, 476 F.3d 887 (Fed. Cir. 2007)).

[33] *Id.* at 4.

that the Court should dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1).[34]

If the Court decides it has jurisdiction, Movants argue that it should dismiss Plaintiff's claims against them for failure to state a claim.[35] According to Movants, Plaintiff alleges that she created a corporation and only a corporation, not its incorporators, have the right to sue for the corporation's rights.[36] Even if the allegations are taken as true, Movants argue that Plaintiff has not stated a claim entitling her personally to relief.[37]

**B.    *Plaintiff's Arguments in Opposition to the Motion to Dismiss***

In opposition, Plaintiff avers that the action against Movants is for breach of contract.[38] Plaintiff asserts that she and the Movants are citizens of Louisiana, that they executed a contract with D Smith General Contractors to perform construction services, and that they are liable for the conversion of funds paid to D Smith General Contractors' employee, Brown.[39] Plaintiff further asserts that she has recently undergone heart surgery and that she will be hiring an attorney to handle her case.[40] Plaintiff argues that the joinder of Movants is predicated on Federal Rule of Civil Procedure 19(a), as Movants are indispensable parties.[41] Plaintiff asserts that the Court's

---

[34] *Id.*

[35] *Id.*

[36] *Id.* at 4–5 (citing *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So.2d 1206, 1215 (La. 2006)).

[37] *Id.* at 5.

[38] Rec. Doc. 43 at 3.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 4.

jurisdiction over her claims against Movants is based on Article III, §2 of the United States Constitution, because "judicial power shall extend to controversies of Citizens of the state."[42] Plaintiff argues that this case or controversy stems from a contract as defined by Louisiana law.[43] According to Plaintiff, a suit for breach of contract is cognizable in courts established pursuant to Article III of the Constitution.[44]

Plaintiff next argues that her Complaint meets the requirement of Federal Rule of Civil Procedure 8(a)(1), (2), and (3) and gives proper notice to defendants of the grounds for the suit.[45] Plaintiff again notes that she is in the process of hiring an attorney but will need additional time of at least 20 days to hire an attorney.[46] Plaintiff maintains that the action under Louisiana law against Movants states a claim for breach of contract which has a prescriptive period of ten years.[47] Plaintiff concludes that her Complaint is sufficiently plead.[48]

### III. Law and Analysis

A.    *Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)*

In their motion, Movants assert, in part, that this Court lacks subject matter jurisdiction over Plaintiff's claims. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any

---

[42] *Id.*

[43] *Id.*

[44] *Id.* (citing *Williams v. Metzler*, 132 F.3d 937 (3d Cir. 1997)).

[45] *Id.* at 5.

[46] *Id.* The Court notes that well over 20 days have passed, and no attorney has enrolled in the instant litigation on behalf of Plaintiff.

[47] *Id.*

[48] *Id.*

attack on the merits."[49] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[50] Accordingly, the Court will consider Movants' jurisdictional arguments first.

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute."[51] Accordingly, a claim is "properly dismissed for lack of subject-matter jurisdiction when the [C]ourt lacks the statutory or constitutional power to adjudicate" it.[52]

A party may "facially" or "factually" attack the basis of the Court's subject matter jurisdiction on a 12(b)(1) motion.[53] When the moving party makes a "facial attack," it limits its arguments to the four corners of the complaint, and urges the Court "merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, [when] . . . the allegations in his complaint are taken as true for purposes of the motion."[54] When the moving party makes a "factual attack," it goes beyond the pleadings and challenges "the existence of subject matter jurisdiction in fact."[55] Although "the plaintiff constantly bears the burden of proof that jurisdiction

---

[49] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

[50] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286–87 (5th Cir. 2012) (citations omitted).

[51] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

[52] *In re FEMA Trailer*, 668 F.3d at 286 (citations omitted).

[53] *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted).

[54] *Id.* (citations omitted).

[55] *Id.* (citations omitted). In these circumstances, "matters outside the pleadings, such as testimony and affidavits are considered." *Id.* Accordingly, depending on the nature of the arguments raised in a 12(b)(1) motion, "lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *In re FEMA Trailer*, 668 F.3d at 287 (citations omitted).

8

does in fact exist,"[56] and dismissal is required "whenever it appears that subject matter jurisdiction is lacking,"[57] a 12(b)(1) motion will be granted only "if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief."[58]

**B.   *Analysis***

In the instant motion, Movants argue that the Court lacks subject matter jurisdiction, because Plaintiff's claim against them is too remote from her civil rights actions against the other defendants and therefore does not derive from a common nucleus of operative fact, as required for supplemental jurisdiction.[59] Movants contend that not paying a corporation for construction work is wholly unrelated to the divorce proceedings or civil rights allegations that she brings against the other defendants.[60] Plaintiff argues that the Court has jurisdiction pursuant to Article III, clause 2 of the Constitution and asserts that she brings a cause of action for breach of contract against Movants under Louisiana law.[61]

The Court notes as an initial matter that the parties agree that Movants and Plaintiff are citizens of Louisiana and that Plaintiff brings a claim against Movants under state law.[62] As there is no independent basis for federal subject matter jurisdiction over Plaintiff's claims against Movants, the only basis of jurisdiction over Plaintiff's state law claim is supplemental jurisdiction.

---

[56] *Ramming*, 281 F.3d at 161 (citations omitted).

[57] *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998) (citations omitted).

[58] *In re FEMA Trailer*, 668 F.3d at 287 (citations omitted).

[59] Rec. Doc. 35-1 at 3.

[60] *Id.* at 4.

[61] Rec. Doc. 43 at 4.

[62] *See* Rec. Doc. 43 at 4, 5; Rec. Doc. 35-1 at 2.

Plaintiff's claim for breach of contract against Movants must be dismissed unless it comes within the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). The supplemental jurisdiction statute provides in relevant part that in any civil action in which the district court has original jurisdiction, the court shall have supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[63]

To determine whether claims fall under Section 1367(a), the Court must ask "whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'"[64] Here, the Court's original jurisdiction is over Plaintiff's claims against the other Defendants in this action under 42 U.S.C. § 1983 and § 1985(2). Plaintiff's federal claims against the other Defendants are based on their alleged actions during Brown and Plaintiff's divorce proceedings to "deprive and deny" Plaintiff of her rights and property.[65] All of these federal claims have now been dismissed.[66]

The Complaint does not allege any connection between Movants' alleged breach of

---

[63] 28 U.S.C. §1367(a).

[64] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

[65] *See* Rec. Doc. 1 at 6.

[66] *See* Rec. Doc. 56 (dismissing Plaintiff's claims against Brown under 42 U.S.C. §§ 1983, 1985(2) because Plaintiff did not allege facts to show that Brown was a federal actor under Section 1983 or that Brown conspired to interfere with the administration of justice in federal court under Section 1985(2)); Rec. Doc. 62 (dismissing Plaintiff's claims against Sandler and the Law Office of Sharry Sandler and Patton and the Law Office of Gordon Patton under Section 1983 pursuant to the *Rooker-Feldman* doctrine and because Plaintiff did not allege facts to show that the Sandler Defendants or Patton Defendants were state actors such that they could be held liable under Section 1983); Rec. Doc. 30 (dismissing Plaintiff's federal claims against Judge Barial and the Debose Defendants pursuant to the *Rooker-Feldman* doctrine and additionally finding that Judge Barial was entitled to judicial immunity).

contract and the other Defendants' alleged actions to deny Plaintiff of her rights and property. Moreover, Plaintiff does not offer any evidence in her opposition or elsewhere that the alleged breach of contract by Movants was related to the divorce proceedings in any way. Therefore, the Court finds that Plaintiff's claim against Movants does not share a common nucleus of operative facts with her federal claims; and therefore, the Court does not have supplemental jurisdiction over Plaintiff's state law claim against Movants.[67] Moreover, those federal claims have been dismissed, and even if the Court was able to exercise supplemental jurisdiction over the state law claim against Movants, it would decline to do so. Because the Court finds that it does not have supplemental jurisdiction over Plaintiff's claim against Movants or otherwise would decline to exercise supplemental jurisdiction over Plaintiff's state law claim, it need not address Movants' other arguments for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. Conclusion

Plaintiff has not met her burden to establish that her state law claim against Movants "derive[s] from a common nucleus of operative fact"[68] with Plaintiffs' federal claims against the other Defendants such that this Court has supplemental jurisdiction over Plaintiff's state law claim against Movants. Moreover, even if the state law claim against Movants did derive from a common nucleus of operative fact, now, having dismissed the federal claims in this action, the Court would decline to exercise supplemental jurisdiction. Therefore, the Court finds that it lacks subject matter

---

[67] *See In re Katrina Canal Breaches Litigation*, 432 F. App'x 928, 932 (5th Cir. 2009) (finding plaintiffs' unsupported assertions that claims shared a common nucleus of operative fact insufficient to permit federal jurisdiction) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.")).

[68] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

jurisdiction over Plaintiff's state law claim against Movants or otherwise would decline to exercise supplemental jurisdiction over Plaintiff's state law claim. Accordingly, the Court need not address Movants' other arguments for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS HEREBY ORDERED** that Defendants Jabez, Allen Duhon, and Adelle Duhon's "Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim"[69] is **GRANTED** and Plaintiff's claims against Defendants Jabez, Allen Duhon, and Adelle Duhon are dismissed without prejudice.

**NEW ORLEANS, LOUISIANA**, this  23rd   day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[69] Rec. Doc. 35.

12